UNITED STATES (LAWRENCE v.).   See
Case No. 8,145.

---

## Case No. 15,579.

UNITED STATES v. LAWS.

[2 Lowell, 115.] [1]

District Court, D. Massachusetts. April, 1872.

OFFENSES UNDER POSTAL LAWS — EMBEZZLEMENT FROM MAIL — INDICTMENT — AVERMENTS.

1. In an indictment under section 12, St. July 1, 1864 (13 Stat 307), against a clerk in the post-office for secreting and embezzling a letter containing a bank-note, which describes the letter according to its direction, which is to some one other than the defendant, it is not necessary to allege that the letter or the note was the property of any one.

[Cited in U. S. v. Falkenhainer, 21 Fed. 627; U. S. v. Atkinson, 34 Fed. 318.]

2. If the letter was enclosed in an envelope, and the envelope was directed to A. B., the letter is well described as directed to A. B.

3. The indictment need not allege that the clerk obtained the letter by virtue of his employment: it is enough that, being a clerk, he has obtained possession of the letter.

4. It is not necessary to set out the places from and to which the letter was to be carried by post.

5. The indictment need not allege that the grand jury was duly organized, and that twelve concurred in the finding.

The first count of this indictment charged that the defendant [M. S P. Laws], on a certain day, at Boston, did secrete and embezzle a certain letter, then and there directed to Sarah E. Dalzell, in the words and letters following. "Mrs. Sarah E. Dalzell, Ellsworth, Maine," with which he was then and there intrusted, and which had come to his possession, and was then and there intended to be conveyed by post, containing a certain bank-note for the payment of two dollars, he, the said Laws, at the time, &c., being then and there employed in one of the departments of the post-office establishment, to wit, being a clerk, &c. The second count described the bank-note, and alleged that it was of the value of two dollars, and that the letter came into the possession of the defendant "so then and there employed as a clerk in the said post-office," and that the letter with the said article of value having so come into his possession, he did then and there secrete and embezzle the letter then and there containing the said article of value. At the trial, a verdict of guilty was found; and the defendant moved for a new trial, and in arrest of judgment.

¹ [Reported by Hon. John Lowell. LL. D., District Judge, and here reprinted by permission.]

G. Sennott, for defendant.

(1) It is not averred that the defendant obtained the letter "by virtue" of his employment. It is said, and repeated, that he was a clerk, and that being such clerk he secreted and embezzled the letter; but this is not enough: he must be shown to have broken the trust confided to him by the government.

(2) The property in the letter and the bank-note ought to be set out. It may be that the address of the letter was fictitious, and intended to mean the defendant, and the money may have been his.

(3) The letter is not described at all. It appears on inspection to be enclosed in an envelope, which is directed in the manner charged, but the letter is not directed.

(4) The indictment should aver the due organization of the grand jury, and that twelve concurred in the finding.

E. P. Nettleton, Asst U. S. Dist. Atty., cited U. S. v. Mills, 7 Pet. [32 U. S.] 138; U. S. v. Nott [Case No. 15,900]; U. S. v. Martin [Id. 15,731]; U. S. v. Lancaster [Id. 15,556]; U. S. v. Patterson [Id. 16,011]; U. S. v. Clark [Id. 14,801]; U. S. v. Okie [Id. 15,916]; and on pleading generally in misdemeanors, U. S. v. Gooding, 12 Wheat. [25 U. S.] 460, 474.

LOWELL, District Judge. Much more laxity of pleading has been permitted in setting out the offences created by acts of congress than obtained under the system of the common law, even when that system was applied to new statutes. The cases cited by the district attorney all agree that this offence may be charged substantially in the words of the statute. Were it not for these authorities, there would seem to be much force in the objection that the property in the bank-bill should be laid in some one other than the defendant. Such is the usual rule in embezzlement as well as larceny. And if the indictment were for stealing the money from the letter, it may be that the analogy would hold good. Such appears to be the opinion of Mr. Justice Curtis, as indicated by the marginal note to the case of U. S. v. Foye [Case No 15,157], though the judgment is silent on this point. And the supposed decision in that case, which had not then been reported, appears to have been followed in Cummings' Case [Id. 14,901]. But where the charge is, that a clerk secreted and embezzled a letter, which is described as having been addressed to some one else, and was intended to be conveyed by post, the gist of the offence is in the breach of trust as applied to the letter, and it has not been usual to lay the property in the letter in any one. Two of the cases cited at the bar decide this point. There is no real hardship in this decision, because the property might be laid in the United States as bailees, and then precisely the same evidence would be sufficient for a conviction as

would be received under the counts of this indictment, and the defendant would still be left to rebut the presumption arising from the fact of his dealing with a letter which did not appear to be his.

It was argued that the envelope is no part of the letter, and that, therefore, there is a variance. This was duly reserved at the trial, and comes up regularly on the motion. So far as the argument rested on the assumed fact, concerning which there was no evidence on either side, that the use of envelopes was unknown, or was rare, when the post-office act of 1825 was passed, both parties appear to have been under the impression that this indictment must be founded on that statute. Undoubtedly it was so intended. But section 21 of that act has been repealed or remodelled by the statute of July 1, 1864 (13 Stat. 337), which copies the section in many parts with great exactness, but adds to the list of securities that may be secreted or embezzled many that have come into use since 1825, such as stamps of various kinds, and adapts the law in other respects to the changes in the service. It is by this statute that the indictment must be tried, whatever may have been the intent of the pleader who drew it; and it is not contended that in 1865 envelopes were not in common use and popularly considered a part of the letters which they enclosed. The other answer of the district attorney appears to be equally strong, that when a letter is in fact put in an envelope which is directed to a certain person, the letter is directed to that person whether the envelope forms part of the letter or not.

Another very ingenious point much dwelt on by counsel is, that the charge does not contain the technical and precise averment, that the defendant came into possession of these letters by virtue of his employment. Possibly the indictment is open to this criticism; but, if so, the statute is equally deficient. The law appears to avoid with care this limitation. The language, both in the act of 1825 and in that of 1864, is, which shall have been intrusted to him, "or which shall have come to his possession," intending, no doubt, to punish all such acts committed by persons employed in the department, whether the letters were regularly in their possession or not. For instance, if a clerk takes the letters from some box or bag in charge of another clerk, or any with which he has no concern whatever, he is within the statute. If there is any implied limitation in the statute, such as of a letter picked up in the street, it may equally be left to implication in the indictment, and would be excluded by not conforming to the allegation that it was intended to be conveyed by post.

The objection that the places between which the letter was intended to be conveyed are not set out, was fully considered by Judge Benedict in the case of U. S. v.

Okie [Case No. 15,916], and in that decision, overruling the objection, and in the reasons given for it, I concur.

Indictments never allege the organization and action of the grand jury further than is done in this case. The signature of the foreman vouches for the regularity of the proceedings after the jury are impanelled, and the records of the court show the venire, &c.

Motions denied.