## JONES *v.* UNITED STATES.[1]

### (*Circuit Court, S. D. Georgia.* 1886.)

1. POSTAL LAWS—REV. ST. § 5467—INDICTMENT.
   In an indictment for stealing under section 5467 of the Revised Statutes, if the thing within the statute be described, no value need be alleged, nor proved if alleged.

2. SAME—DESCRIPTION OF CHECK.
   In such an indictment for stealing a check, the check stolen out of a letter need not be set forth *in hæc verba.* A substantive description of the check will suffice, if it is sufficient to inform the accused of what he was charged with stealing, and to protect him from being again put in jeopardy for the same taking.

3. SAME—INDICTMENT IN WORDS OF STATUTE.
   The indictment being in the words of the statute, those words must, of themselves, fully, directly, expressly, and without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. *U. S.* v. *Carll,* 105 U. S. 611.

On Writ of Error to District Court.

*W. B. Hill,* for plaintiff in error.

*S. A. Darnall,* U. S. Atty., for defendant in error.

PARDEE, J. The defendant prosecutes a writ of error to reverse a judgment of the district court of this district, convicting him for violation of section 5467 of the Revised Statutes of the United States. The second count of the indictment under which the defendant was convicted, reads as follows:

"And the grand jurors aforesaid, upon our oaths aforesaid, do further present that on the said nineteenth day of July, in the year aforesaid, said Henry Jones, being then and there a person employed in a department of the postal service of the said United States as aforesaid, did, within said division and district, and within the jurisdiction of said court, then and there unlawfully steal, and take out of a certain letter, a certain check, drawn upon the Southern Bank of the State of Georgia, for the sum of $79.08, payable to the order of J. E. Walker; said check being numbered 1,709, and dated Darien, Ga., July 12, 1884, and the same being signed Robert P. Paul, secretary and treasurer; the said check being of the value of $79.08, lawful money as aforesaid; and the said check having been then and there inclosed in said certain letter, which said letter had then and there been mailed in the post-office at Temperance, Ga., and directed to S. T. Coleman & Co., Macon, Ga., and which was then and there intended to be conveyed by mail from said post-office at Temperance, Ga., to the post-office at Macon, Ga.; and the said Henry Jones, employed as aforesaid, did then and there steal and take said check described as aforesaid, and which was then and there contained in said letter, out of the

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

same, before said letter had then and there been delivered to the party to whom it was directed as aforesaid, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the said United States."

A demurrer was filed to said indictment as follows:

"The second count in said indictment is not sufficient in law, because it charges this defendant with stealing an article or thing having, as appears from said indictment, no value whatever, to-wit: It charges defendant with stealing a check payable to the order of one J. E. Walker, and which had not been by said Walker indorsed so as to pass the legal title out of him, or so as to be collectible, or of any value to any person whatsoever, and because it does not set forth the ingredients of the offense of larceny or stealing, under the law."

The court overruled the demurrer, and the defendant excepted.

During the trial of said case the district attorney offered in evidence a certain check, a copy of which is as follows:

"$79.08.                              DARIEN, GA., July 12, 1884.

"*Southern Bank of the State of Georgia, of Savannah, Ga.:* Pay to the order of J. E. Walker seventy-nine and eight one-hundredth dollars.

"No. 1709.                         ROBERT PAUL, Sec. and Treas."

With the following indorsements thereon:

        "J. E. Walker.

"Pay So. Ex. Co., or order, for collection.
                "J. N. SMITH."

Defendant's counsel objected to the introduction of the check on the ground of the variance between said check and that described in the indictment, to-wit: That the check mentioned in the indictment was not described as indorsed, whereas the check offered in evidence had been indorsed by said J. E. Walker, so as to pass the legal title out of him, and so as to make the same collectible in the hands of any person into whose possession it came; and because, also, the said check was indorsed by J. N. Smith. All these objections the court overruled, to which ruling the defendant excepted. Other exceptions were taken during the progress of the' trial, but they are not insisted upon at this time.

After verdict counsel for defendant filed a motion in arrest of judgment, as follows:

"Now comes the defendant, by his attorneys, being the term at which conviction was had, and, after verdict, and without prejudice to any demurrer now on file in said court, prays the court to set aside the verdict and judgment in said case, and discharge the defendant without day, upon the following grounds, to-wit: *First.* That the indictment in said case is wholly insufficient in law to authorize the court to execute said judgment. *Second.* The second count in said indictment is not sufficient in law, because it charges the defendant with stealing an article or thing having, as appears from said indictment, no value whatever, in that it charges defendant with stealing a check payable to the. order of one J. E. Walker, and which had not been by said Walker indorsed so as to pass the legal title out of him, or so as to be collectible, or of any value to any person whatever; and because it does not

set forth the legal ingredients of the offense of larceny or stealing, under the law. *Third.* The bill of indictment is fatally defective in not charging to whom the check or order belonged, or who had the custody or control of the same, and for all that is alleged in said indictment the check may have been the property of and belonged to the defendant. *Fourth.* The said bill of indictment does not set out *in hæc verba* the check or paper charged to have been taken."

The court overruled said motion on each and all the grounds, to which decision overruling the same on each and all the grounds the defendant there and then excepted.

The matters relied on in this court are (1) that the check mentioned in the indictment was a check drawn to order, and not indorsed, and therefore had no value; (2) variance between the check described in the indictment and the one offered on the trial to prove the indictment; (3) that the indictment is insufficient because the offense of larceny is not fully and aptly charged.

1. A reference to the statute shows that "any letter of credit, note, bond, warrant, draft, bill, promissory note, covenant, contract, or agreement whatsoever, for or relating to the payment of money," or "any receipt, acquittance, or discharge of or from any debt," etc., may be the article stolen or taken out of a letter in violation of a statute. As a thing stolen or taken out of a letter in violation of a statute may have no value, it seems clear that in an indictment under the statute, if the thing within the statute be described, no value need be alleged, nor proved if alleged. The draft described in the indictment was an agreement relating to the payment of money, and within the statute.

2. In the indictment there is no attempt to set out the check stolen and taken out of a letter in exact words and figures, but a substantive description of the check, to-wit, of the drawer, drawee, payee, amount, date, and number, is given. The check offered on the trial answers fully to the description in the indictment. A fuller description of the check might, perhaps, have been given by adding the indorsements thereon, if any there were; but it is conceded that it was not necessary to set out the check *in hæc verba.* It seems that a sufficient description was given to identify the check, to inform the accused of what he was charged with stealing and taking, and to protect the accused from being again put in jeopardy for the same taking.

3. The indictment being in the words of the statute, the question is whether those words of themselves fully, directly, and expressly, without uncertainty, or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. See *U. S.* v. *Carll,* 105 U. S. 611. The offense intended to be punished by the statute is the violation of the sanctity of the mails by one sworn to protect them, and it is to be committed by stealing or taking out of the mail any of the things described in the statute, aiming at an offense similar in character to, and having the ingredients of, the com-

mon-law offense of larceny. True, it is an aggravated larceny, because committed by one in a place of trust, but still it is larceny. To constitute the offense of larceny, according to all definitions, there must be at least a wrongful taking of the property of another, with a felonious intent. Neither of these elements is found in the words of the statute. The thing to be stolen or taken out, so far as the words of the statute go, need not be the property of any one, nor is any intent, wrongful, fraudulent, felonious, or otherwise, referred to in the statute, unless it is to be found in the word "steal." The words of the statute, therefore, do not specifically set forth all the elements necessary to constitute the offense intended to be punished, and therefore an indictment which merely follows the words of the statute is insufficient. See *U. S.* v. *Carll, supra,* and cases there cited. In the present case, as the indictment does not lay the thing alleged to have been stolen as the property of any one, nor allege any wrongful intent, it is not good and sufficient.

From this it follows that the judgment of the district court was erroneous, and should be reversed, and a judgment to that effect will be entered.