### UNITED STATES *v.* THOMPSON.

*(District Court, E. D. South Carolina. January 14, 1887.)*

**POST-OFFICE—EMBEZZLING REGISTERED LETTERS—REV. ST. U. S. § 5467.**

    The purpose of Rev. St. U. S. § 5467, is to prevent and punish any interference with the contents of a letter in the custody of the mail; and a postmaster who takes money out of a registered letter, and borrows it, with the hope and expectation of returning it, and does return it, is within the terms of the statute.[1]

Indictment under Rev. St. U. S. § 5467, for secreting and embezzling a registered letter.

*L. F. Youmans*, Dist. Atty., for the Government.

*T. H. Clark* and *E. H. Alley*, for defendant.

SIMONTON, J., (*charging jury.*) One of the counts of the indictment charges the defendant with violating the provisions of section 5467 of the Revised Statutes, by secreting and embezzling a registered letter intrusted to him as postmaster, which letter contained $12 in United States currency, and that he did *steal or take* the contents thereof. The defendant has been examined before you, and admits that the letter was delivered to him to be registered, containing this sum of money, and that he gave a receipt for it; that he did not mail it for want of a post-office receipt for a registered package; that he put it in his pocket, and forgot it; that some days afterwards, when called upon by the person who handed him the letter, he produced it without its contents, but at once paid the value thereof to her. He denies that he stole, or intended to steal, this money. There is a conflict in the testimony upon the question whether the letter was sealed or not when handed to him for registration.

The counsel for the defendant has requested the court to charge the jury that they cannot convict the defendant unless they conclude from

[1] See Jones v. U. S., 27 Fed. Rep. 447.

the testimony that he took the money with felonious intent; that the original taking must have been with intent to steal. Where words are used in a statute, a meaning must be given to each word, if possible. Words are not to be taken as synonymous, unless they are so necessarily. Congress, in using these two words,—"steal," "take,"—with the disjunctive, must have intended them to bear different meanings, else both would not have been used. If you find from the evidence that the defendant took the contents of this letter *animo furandi*, with intent to steal them, he comes within the prohibition of this section; if you find that he took the contents, borrowing them, hoping and expecting to return them, making temporary use of them, he also comes within the prohibition of the statute, and may be found guilty. The purpose of the section is to prevent and punish any interference with the contents of a letter in the custody of the mail.