## UNITED STATES v. ATKINSON.

### (District Court, E. D. Michigan. March 19, 1888.)

1. POST-OFFICE—LARCENY FROM THE MAILS—INDICTMENT.
    In indictments against employes of the post-office department for embez-
    zling and secreting valuable letters, it is not necessary to allege that the same
    was done with a fraudulent intent. The offense is a mere misdemeanor, and
    it is sufficient to set it forth in the language of the statute.

2. SAME—REV. ST. U. S. § 5467.
    Section 5467, Rev. St., covers the offenses of secreting and embezzling valu-
    able letters, as well as stealing their contents, and the omission of the words,
    "every such person shall on conviction thereof, for every such offense," used
    in section 279 of the act of June 8, 1872, is immaterial.[1]

(Syllabus by the Court.)

On Motion in Arrest of Judgment.

The prisoner was convicted upon the first and third counts of an in-
dictment charging him with the embezzlement of letters containing
money. The first count charged that the defendant, "a person employed
as letter carrier in the postal service of the United States, did embezzle
a certain letter which came into his possession as such letter carrier,
* * * which letter contained four pecuniary obligations of the gov-
ernment of the United States, to-wit: four notes, commonly called treas-
ury notes, each of the denomination and value of one dollar, * * *
contrary to the form," etc. The third count charged him in substantially
the same language with "secreting" a certain letter. The case was ar-
gued before the circuit and district judges.

J. W. Finney, for defendant.

Charles T. Wilkins, Asst. U. S. Dist. Atty., for the United States.

BROWN, J. It is insisted upon this motion that both the first and
third counts, one of which charges the defendant with embezzling, and
the other with secreting, a letter containing an article of value, are de-
fective in failing to allege that the act charged was done with a criminal
intent. Exactly what words are necessary to be used to set forth with
sufficient clearness the fraudulent intent are not stated, but presuming

---

[1] In the case of U. S. v. Harry, arising in the Western district, SEVERENS, J., also
held, after a careful examination of section 5467, that the penalty attached to both clauses
of the section, but filed no opinion.

them to be "feloniously" or "fraudulently," it is pertinent to inquire whether in the case of statutory offenses like this it is necessary to make use of them.    Mr. Bishop states that where a new felony is created by statute, but the statute does not use the word "feloniously," there is a difference of judicial opinion whether the words should be put in the indictment.    1 Bish. Crim. Proc. § 290.    But many cases under this or similar statutes have held that offenses under the post-office laws are not felonies, but misdemeanors, and that, if described in the words of the statute, the indictment is sufficient.    In *U. S.* v. *Lancaster*, 2 McLean, 431, the indictment was similar to the one under consideration, using only the words, "secrete" and "embezzle."    The indictment was held sufficient, and it was expressly stated that it was not necessary to charge that the taking was felonious.    In *U. S.* v. *Mills*, 7 Pet. 138, it was held that an indictment setting forth that the defendant "did procure, advise, and assist one to secrete, embezzle, and destroy a letter," was a misdemeanor, and that, in such cases, it is sufficient to charge the offense in the words of the statute.    The indictment was held sufficient.    Later cases in the supreme court are supposed to have laid down a more stringent rule, but upon a careful examination, we think they only go to the extent of holding that all of the essential ingredients of the offense must be charged.    Thus, in *U. S.* v. *Cook*, 17 Wall. 168, it is said that every ingredient of which the offense is composed must be accurately and clearly alleged; and where a statute defining an offense contains an exception in the enacting clause, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception be omitted, it was held that an indictment founded upon the statute must allege enough to show that the accused is not within the exception; otherwise, if the language of the section defining the offense is entirely separable from the exception.    The case particularly relied upon is that of *U. S.* v. *Carll*, 105 U. S. 611, in which it was held that an indictment for passing a counterfeited obligation of the United States must allege that defendant knew it to be counterfeited; but here was a distinct fact, which it was conceded was necessary to be proven upon the trial, and the court very properly held that it should be averred in the indictment.    I take it, however, the rule is different where the fraudulent intent is to be presumed from the act done.    1 Bish. Crim. Proc. §§ 278–290.    So, in *U. S.* v. *Britton*, 107 U. S. 655, 2 Sup. Ct. Rep. 512, it was held that a count which charged the president of a national bank with having "willfully misapplied" the funds of the association, should aver that he did so for the benefit of himself, or some other person, and with an intent to injure or defraud; but the court in delivering the opinion said these words "have no settled technical meaning like the word 'embezzle,' as used in the statutes, or the words, 'steal, take, and carry away,' as used at common law.    They do not therefore of themselves clearly and fully set forth every element of the offense charged."    The word "embezzlement," of itself, implies a fraudulent and unlawful intent on the part of the person charged.    No one can lawfully or honestly embezzle money or other

property. Certainly an official of the post-office department cannot lawfully embezzle a letter intrusted to him in his official capacity. In *U. S.
v. Laws*, 2 Low. Dec. 115, the words used in the indictment were simply
"secrete" and "embezzle," and, although the case was vigorously contested, the point was not even made that any further description of the
intent was necessary. So, in *U. S. v. Sander*, 6 McLean, 598, it was
held that a count charging that the prisoner secreted and embezzled a
certain letter was good. Indeed, the first count of this indictment seems
to have been taken directly from Wharton's Precedents, 1110, and is
one which has been in common use in this district ever since the court
was organized.

In support of the second ground of the motion it is urged that the action of the revisors of the statutes in omitting the words contained in section 279 of the act of June 8, 1872, "every such person shall on conviction thereof for every such offense," unhitches the penalty in section 5467
from every offense described therein, except the last one, of stealing and
taking articles of value out of any letter, etc. In support of this objection we are cited to the case of *U. S. v. Long*, 10 Fed. Rep. 879, wherein
it was held that the omission of the words "every such person shall upon
conviction thereof for every such offense" before the words "shall be punishable by imprisonment," was fatal to the punishment of every offense
mentioned in the statute, except the last. Upon a careful reading of
the section, we find ourselves unable to concur in the opinion of the
learned judge in this case. Omitting all immaterial clauses, the section,
as revised, now reads as follows:

"Any person employed in any department of the postal service, who shall
secrete, embezzle, or destroy any letter   *   *   *   which was intended to be
conveyed by mail,   *   *   *   and which shall contain any   *   *   *   article
of value, or writing representing the same; any such person who shall steal
or take any of the things aforesaid out of any letter   *   *   *   shall be punishable by imprisonment," etc.

We are unable to see why the punishment is not as applicable to the
first offense of secreting, embezzling, or destroying, as to the second, for
stealing and taking from the letters; and it seems to us that the omission
of the words, "every such person shall, upon conviction thereof, for
every such offense" is entirely immaterial. Unless we adopt this construction, we must impute to congress the recital and definition of a grave
offense in very elaborate language, for no apparent purpose whatever.
The use of the word "and" to connect the two clauses would have removed every doubt, but we think it may be implied.

The motion in arrest of judgment is therefore overruled.