UNITED STATES v. TROSPER.

(District Court, S. D. California. N. D. January 8, 1904.)

No. 124.

1. MAILS—POSTAL MATTER—ABSTRACTION—INDICTMENT—OWNERSHIP OF PROP·
ERTY.
    An indictment for violating Rev. St. § 5469 [U. S. Comp. St. 1901, p.
3692], prohibiting the abstracting of mail matter from the mails, was
not objectionable for· failure to charge the ownership of, the property
contained in the package abstracted, since the offense defined in such
section, though including larceny at common law, is not restricted to
such offense.

2. SAME—INTENT.
    Where an indictment for abstracting mail matter from the mails, in
violation of Rev. St. § 5469 [U. S. Comp. St. 1901, p. 3692], charged that
the defendant did "steal" and take from out of a mail the package de-
scribed, it sufficiently charged a felonious intent.

Thomas H. Trosper was indicted for abstracting a package contain-
ing an article of value from the United States mails, and after con-
viction moved in arrest of judgment on the ground that the indict-
ment did not state an offense under Rev. St. § 5469 [U. S. Comp. St.
1901, p. 3692].

The charging part of the indictment is substantially as follows:
That Thomas H. Trosper, late of the Northern Division of the South-
ern District of California, on the twelfth day of September, A. D.
1903, in the city of Fresno, county of Fresno, within the Northern Di-
vision of the Southern District of California, and within the jurisdic-
tion of the court, feloniously did steal and take from out of a mail
of the said United States a certain package containing an article of
value, to wit, a package sent from the post office at San Francisco,
California, on the eleventh day of September, A. D. 1903, by D. C.
Heger, directed to the Kohler Laundry at Fresno, California, the said
package then and there containing a certain shirt of the value of $2,
lawful money of the United States. Contrary, etc.

L. H. Valentine, U. S. Atty., and George L. McKeeby, Asst. U. S.
Atty.
    Smith & Ostrander, for defendant.

WELLBORN, District Judge. The grounds of said motion are
alleged defects in the indictment, as follows: First, failure to charge
the ownership of the shirt therein described; second, failure to charge
any wrongful intent upon the part of the defendant.

Defendant's contention is that the interference with the mails de-
nounced by the first clause of section 5469, Rev. St. [U. S. Comp. St.
1901, p. 3692], under which clause the present indictment was found,
must be such an asportation as would, if made of private property,
constitute technical larceny. The case mainly relied on by defendant,
Jones v. United States (C. C.) 27 Fed. 447, supports his contention,
but that case, although decided by an eminent jurist, stands alone,'and
is directly opposed by numerous authorities of equal respectability,
all holding that the section was designed solely to protect the mails,

and that, while it includes larceny as understood at common law, it is not restricted to that offense, but makes criminal any unauthorized abstraction from the mails of postal matter. U. S. v. Falkenhainer (C. C.) 21 Fed. 624; U. S. v. Jolly (D. C.) 37 Fed. 108; U. S. v. Baugh (C. C.) 1 Fed. 784; U. S. v. Dorsey (D. C.) 40 Fed. 752; and U. S. v. Atkinson (D. C.) 34 Fed. 316.

The first ground of defendant's motion is disposed of in United States v. Falkenhainer, third paragraph of syllabus, as follows:

"Where the offense charged is stealing a letter containing a treasury note, it is not necessary for the indictment to allege the ownership of the note."

In the body of the decision, Justice Brewer, then Circuit Judge, says:

"It is insisted that the purpose of Congress in this section applies to one branch of the crime of larceny; that therefore the indictment should allege the ownership and value of the property stolen, and that it was feloniously stolen, taken, and carried away. I do not so understand the purport of the section. It simply creates an offense against the postal service, and was intended to protect the sanctity of the mails, and it is entirely immaterial whether the letters taken contained anything of value whatever."

With reference to the second ground of defendant's motion, it may be well to observe, again, that the word "steal" in said clause is not used, as already indicated, to designate technical larceny, but means simply "to take without right or leave," and the use of that word in the indictment sufficiently charges wrongful intent. In United States v. Atkinson, supra, the first paragraph of the syllabus, which was prepared by the court, is as follows:

"In indictments against employés of the post office department for embezzling and secreting valuable letters, it is not necessary to allege that the same was done with a fraudulent intent. The offense is a mere misdemeanor, and it is sufficient to set it forth in the language of the statute."

In the body of the opinion the court says:

"So, in U. S. v. Britton, 107 U. S. 655, 2 Sup. Ct. 512 [27 L. Ed. 520], it was held that a count which charged the president of a national bank with having 'willfully misapplied the funds of the association' should aver that he did so for the benefit of himself or some other person, and with an intent to injure or defraud; but the court, in delivering the opinion, said these words 'have no settled technical meaning, like the word "embezzle," as used in the statutes, or the words "steal, take, and carry away," as used at common law. They do not therefore of themselves clearly and fully set forth every element of the offense charged.' The word 'embezzlement,' of itself, implies a fraudulent and unlawful intent on the part of the person charged. No one can lawfully or honestly embezzle money or other property. Certainly an official of the post office department cannot lawfully embezzle a letter intrusted to him in his official capacity. In U. S. v. Laws, 2 Lowell 115 [Fed. Cas. No. 15,579], the words used in the indictment were simply 'secrete' and 'embezzle,' and, although the case was vigorously contested, the point was not even made that any further description of the intent was necessary. So, in U. S. v. Sander, 6 McLean, 598 [Fed. Cas. No. 16,219], it was held that a count charging that the prisoner secreted and embezzled a certain letter was good. Indeed, the first count of this indictment seems to have been taken directly from Wharton's Precedents, 1110, and is one which has been in common use in this district ever since the court was organized."

I am of opinion that in the case at bar it was sufficient to charge the offense in the words of the statute, and that the indictment is not open to either of the objections urged against it. The motion in arrest of judgment will be denied.