UNITED STATES of America

v.

Vernon Allan GREENE.

Crim. No. 71-0260.

United States District Court,
D. Maryland.

Nov. 11, 1971.

---

Jean G. Rogers, Asst. U. S. Atty., Baltimore, Md., for the government.

Daniel H. Honemann, Baltimore, Md., for the defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

The defendant, Vernon Allan Greene, was charged in the indictment with three counts of stealing, abstracting and removing the contents of parcels which had been entrusted to him while a Postal Service employee and which had come into his possession, intended to be conveyed by mail, in violation of 18 U.S.C. § 1709.[1] The jury found the defendant guilty on these three counts, and guilty on two counts of knowingly and willfully obstructing and retarding the passage of the mail in violation of 18 U.S.C. § 1701. The conviction in the latter two counts has not been challenged.

■ Following conviction, the defendant moved for an order arresting judgment as to the first three counts on the ground that none of the counts charges an offense, since there was no allegation that the criminal act complained of was done with felonious intent on the part of the defendant. The defendant's motion raises the question whether felonious intent is an essential element of the crime with which the defendant has been charged.

The defendant argues that 18 U.S.C. § 1709 is a codification by Congress of the common law crime of larceny,[2] so that felonious intent is an essential element of the crime with which he has been charged. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); Findley v. United States, 362 F.2d 921 (10th Cir. 1966); Walker v.

1. Count One:
"The Grand Jury for the District of Maryland charges:
On or about the 7th day of June, 1971, in the State and District of Maryland VERNON ALLAN GREENE being a postal service employee, did steal, abstract and remove one 1904-O Silver Dollar from a parcel addressed to Milton D. Christy, 13101 Holly Court, Beltsville, Maryland 20705, bearing the return address of Harford Coin Shop, 4321 Harford Road, Baltimore, Md. 21214, which said parcel had theretofore been entrusted to him and which had come into his possession intended to be conveyed by mail."
Count Two:
"And the Grand Jury for the District of Maryland further charges:
On or about the 7th day of June, 1971, in the State and District of Maryland VERNON ALLAN GREENE being a postal service employee, did steal, abstract and remove one $10.00 roll of quarters from a parcel addressed to Mr. Howard Roberts, Route 1, Box 22, Edgewater, Md. 21037 bearing the return address of Harford Coin Shop, 4321 Harford Road, Baltimore, Md. 21214, which said parcel had theretofore been entrusted to him and

which had come into his possession intended to be conveyed by mail."
Count Three:
"And the Grand Jury for the District of Maryland further charges:
On or about the 7th day of June, 1971, in the State and District of Maryland VERNON ALLAN GREENE being a postal service employee, did steal, abstract and remove a roll of 20 Kennedy Half Dollars dated 1967, from a parcel addressed to Mr. Robert Brown, 10314 Malcolm Circle, Apartment J., Cockeysville, Md. 21030, bearing the return address of Harford Coin Shop, 4321 Harford Road, Baltimore, Md. 21214, which said parcel had theretofore been entrusted to him and which had come into his possession intended to be conveyed by mail."

2. The defendant further asserts that 18 U.S.C. § 1709 represents a codification by Congress of the common law crime of embezzlement. However, since the first three counts of the indictment charge the defendant only with the offense of stealing, abstracting and removing the contents of the parcels intended to be conveyed by mail (first clause of § 1709), the issue thus raised is not properly before this Court.

United States, 342 F.2d 22 (5th Cir. 1965); Hughes v. United States, 338 F. 2d 651 (1st Cir. 1964); United States v. Jordan, 284 F.Supp. 758 (D.Mass.1968); and Jones v. United States, 27 F. 447 (C.C.S.D.Ga.1886). These cases are cited in support of the general rationale that an indictment based upon a statute which substantially codifies a common law crime is fatally defective unless it includes an allegation of the common law element of felonious intent. In *Jordan* the court dealt specifically with § 1709, and *Jones* interpreted Rev.St. § 5467, a precursor of § 1709. Both courts equated the offense of theft of mail matter with the offense of common law larceny and ruled that since felonious intent was a necessary common law element of the offense charged, the failure of the indictments to allege such intent rendered them defective. However, § 1709 has not always received the same interpretation. In United States v. Hummer, 322 F.Supp. 601 (N.D.Ill.1971) the court rejected this reasoning in refusing to dismiss a similar indictment which failed to allege felonious intent, finding that the term "embezzlement" implied felonious intent.

 An important principle of statutory interpretation of a predecessor of this section—Rev.St. § 5467—was established long ago in this Circuit. In United States v. Thompson, 29 F. 706 (E.D. S.C.1887), defendant also contended that the indictment was defective because it failed to charge him with an intent to steal. It was noted that Congress had used the terms "steal" and "take" disjunctively and therefore "must have intended them to bear different meanings, else both would not have been used." [3] *Id.* at 707. The court stated that removal of the contents of a letter with the intent to borrow the contents and return them later would subject the defendant to the provisions of the statute, because "[t]he purpose of the [statute] is to prevent and punish any interference with the contents of a letter [or package] in the custody of the mail." *Id.* Thus, the words "steals, abstracts or removes," as used in 18 U.S.C. § 1709 go beyond the traditional concept of common law larceny and include all conduct involving the removal of the contents of a parcel intended to be conveyed by mail, whether or not with felonious intent.

This rule of statutory construction finds support in United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957) where the court was confronted with a similar challenge of an information under the Dyer Act, 18 U.S.C. § 2312. The lower court held that the word "stolen" constituted common law larceny and the information, failing to allege facts amounting to such an offense, did not charge a criminal offense. 141 F.Supp. 527 (D.Md.1956). The Supreme Court reversed on appeal, finding the information was sufficient because the definition of "steals" was not limited to takings amounting to common law larceny, since that term has never had an accepted common law meaning. The legislative history of the Dyer Act indicated Congress intended to proscribe conduct not limited merely to situations which would be considered common law larceny.

Similarly, Congress, in outlawing the theft of mail matter by Postal Service employees pursuant to 18 U.S.C. § 1709, proscribed more than common law larceny. By using the disjunctive term "steals, abstracts, or removes," it sought to prevent all conduct involving the removal of the contents of a parcel intended to be conveyed by mail. An allegation of felonious intent in the wording of the indictment is unnecessary.

Defendant's motion for arrest of judgment is denied.

---

3. Significantly the present § 1709 is also worded disjunctively, i. e. "steals, abstracts, or removes."