**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUANITA S. GONZALES,

Defendant-Appellant.

No. 05-1313

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 04-CR-257-DBS)**

---

Submitted on the briefs.

Raymond P. Moore, Federal Public Defender, Warren R. Williamson, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

William J. Leone, United States Attorney, Linda A. McMahan, Assistant United States Attorney, John M. Hutchins, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

Before **MURPHY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

After examining the briefs and appellate record, the panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

## I. Introduction

Defendant-Appellant Juanita Gonzales, a former postal service employee, was charged in the United States District Court for the District of Colorado with two counts of embezzling, stealing, abstracting, or removing the contents of mail entrusted to her, in violation of 18 U.S.C. § 1709. At trial, Gonzales tendered a proposed jury instruction which would have required the government to prove she removed the contents of mail with intent to convert the contents to her own use. The district court refused to give the instruction, and the jury convicted Gonzales on both counts. Gonzales appealed. This court has jurisdiction pursuant to 18 U.S.C. § 1291. Because violation of 18 U.S.C. § 1709 by removing the contents of mail does not require intent to convert the contents to one's own use, we **affirm**.

## II. Background

Gonzales was a United States Postal Service mail carrier in Arvada, Colorado. A postal inspector sent a random test letter to a fictitious address on Gonzales' route. The letter contained a questionnaire which, if completed and returned to the sender, promised two free movie tickets. Pursuant to postal

service procedures, the letter should have been returned immediately to the sender. Gonzales, however, opened the envelope, completed the questionnaire, and then returned it to the sender, an undercover post office box maintained by the postal inspector. The postal inspector sent Gonzales two, $10 movie gift cards and then prepared to send three more test letters.

The first test letter was a package marked "free camera" that contained a disposable camera. The package was sent to a nonexistent address on Gonzales' route. The second test letter was a charitable contribution envelope containing $25 and marked "gift enclosed." The envelope appeared as if it was being returned to the sender, and the sender was someone on Gonzales' route who had recently moved. The third test letter was an envelope identical to the one Gonzales had previously received containing the two movie gift cards. This test letter also contained a $10 movie gift card and was addressed to John Calhoun, a person on Gonzales' route who had recently moved without leaving a forwarding address. The postal inspector placed a beeper inside this last envelope that would trigger an alarm when the envelope was opened and its contents removed.

The test items were placed into Gonzales' mail to be delivered. Gonzales followed proper procedure with regard to the camera package and charitable contribution envelope by giving them to a processing clerk before she left the post office. Gonzales took the movie gift card envelope with her on her route. After finishing her route, Gonzales parked her postal vehicle behind a shopping mall to

sort through her undeliverable mail. While she was in the parking lot, the transmitter in the envelope containing the movie gift card emitted an alarm, indicating the letter had been opened. Postal inspectors, who had been conducting surveillance on Gonzales throughout the day, approached Gonzales and asked her to exit her vehicle. The inspectors found the envelope containing the movie gift card in Gonzales' vehicle; it had been opened and the contents removed. During a subsequent interview, Gonzales admitted to opening the envelope and signed a sworn statement to that effect. Gonzales told the inspectors she opened the envelope because she wanted to obtain additional information about an identical letter she had received earlier. She also indicated money was tight for her as a single mother and that her children liked to go to movies. After further questioning, Gonzales admitted to opening a second piece of undeliverable mail containing a $10 coupon for Victoria's Secret. Gonzales retrieved the Victoria's Secret coupon from her purse and turned it over to the inspectors.

Gonzales was charged in a two-count indictment with violating 18 U.S.C. § 1709. Section 1709 prohibits postal service employees from embezzling, stealing, abstracting, or removing the contents of mail entrusted to them. Count 1 of the indictment charged Gonzales with embezzling, stealing, abstracting, or removing the movie gift card from the Calhoun letter. Count 2 charged her with

embezzling, stealing, abstracting, or removing the Victoria's Secret coupon. Gonzales was not charged in connection with the original test letter.

At trial, Gonzales did not contest the fact that she opened both letters. Instead, her trial strategy focused on the intent element of § 1709. Gonzales argued that violation of § 1709 by any of the alternative means enumerated in the statute—embezzling, stealing, abstracting, or removing—required a felonious intent to convert the contents of the letter to one's own use. Specifically, Gonzales contended she did not violate the statute merely by removing the contents of the letters. In furtherance of this interpretation of the statute, Gonzales presented evidence suggesting she opened the Calhoun letter because it was identical to an envelope she had received earlier containing movie gift cards. She argued she merely was attempting to obtain further information about the source and nature of the earlier letter, and that she intended to return the letter to its sender as undeliverable after she perused its contents.[1]

Gonzales requested the district court to instruct the jury that, to find her guilty of removing the contents of mail, it must find beyond a reasonable doubt that she removed the contents of the letters with intent to convert the contents to her own use. The district court declined to give Gonzales' proposed instruction.

_____

[1]Gonzales did not present any similar evidence with respect to the envelope containing the Victoria's Secret coupon. Instead, she argued the envelope would have been discarded in the trash once she returned it to the post office processing clerk because it was an undeliverable, standard-rate letter.

It concluded intent to convert the contents of a letter to one's own use is not an element of removing the contents of mail under § 1709. Instead, the district court instructed the jury that the government must prove, *inter alia*, Gonzales "knowingly either (a) embezzled the letters or other mail matter identified in Counts One and Two of the Indictment that had come into her possession as a result of her employment or (b) stole or removed from the letters, as described in Counts One and Two of the Indictment." The district court instructed the jurors that they must agree unanimously as to the method by which Gonzales committed the offense. It also defined the terms "embezzle" and "knowingly."[2]

The jury returned a verdict, finding Gonzales guilty on both counts. She was sentenced to three years' probation for each count, with the sentences to run concurrently.

## III. Discussion

Gonzales argues the district court erred in refusing to give her proposed instruction, which would have required the jury to find she removed the contents of the letters with intent to convert them to her own use. Gonzales claims that to violate § 1709 by removing the contents of mail, a defendant must possess the specific, felonious intent to convert the contents to her own use. Because the

---

[2]The instruction stated, "[t]he term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that she was conscious and aware of her actions, realized what she was doing or what was happening around her, and did not act because of ignorance, mistake, or accident."

district court refused to give her tendered instruction, Gonzales contends the jury was permitted to find her guilty even if it believed she opened the Calhoun letter merely to obtain further information and intended to return it to the processing clerk after examining its contents. Such a finding, Gonzales argues, does not support a conviction under § 1709.

A district court's refusal to give a requested jury instruction is reviewed for an abuse of discretion. *United States v. Crockett*, 435 F.3d 1305, 1314 (10th Cir. 2006). In assessing whether the district court properly exercised its discretion, we review the instructions *de novo* to determine whether, taken as a whole, they accurately state the governing law. *Id*. "A defendant is entitled to an instruction on [her] theory of the case if the instruction is a correct statement of the law, and if [she] has offered sufficient evidence for the jury to find in [her] favor." *Id*.

Whether removal of the contents of mail in violation of § 1709 requires the specific, felonious intent to convert the contents to one's own use is an issue of first impression in this circuit.[3] As with any question of statutory interpretation,

---

[3]Two circuits have addressed the issue. *See United States v. Williams*, No. 86-5183, 1989 WL 90198, at *2 n.2 (9th Cir. Aug. 7, 1989) (unpublished disposition) (stating, without discussion or analysis, that a felonious intent to convert the property of another to one's own use is an element of § 1709); *United States v. Greene*, 468 F.2d 920, 920 (4th Cir. 1972) (adopting, without discussion, district court's opinion, which concluded that violation of § 1709 by stealing, abstracting, or removing the contents of mail does not require specific, felonious intent).

we begin with the text. *United States v. Ortiz*, 427 F.3d 1278, 1282 (10th Cir. 2005). Section 1709 provides:

> Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1709. The statute creates a single statutory offense that can be committed by alternative means. A defendant can violate the statute by embezzling a letter or the contents of a letter, or by stealing, abstracting, or removing the contents of a letter. Gonzales argues that to violate the statute by removing the contents of mail a defendant must intend to convert the contents to her own use. This interpretation, however, is not supported by the plain text of the statute. The statute criminalizes the removal of any article or thing contained in a letter, package, bag, or mail without any express requirement of specific intent.

Additionally, the term "remove" itself does not connote any such intent. When a statute does not specifically define a term, we construe the term in accord with its ordinary or natural meaning. *Smith v. United States*, 508 U.S. 223, 228 (1993). "Remove" means "to move or shift from or out of the place occupied."

Oxford English Dictionary (2d ed. 1989). Thus, according to its ordinary meaning, the term "remove" does not encompass any intent to convert the removed item to one's own use.[4]

Gonzales points out that the term "steals" precedes the term "removes" in § 1709. Gonzales argues we should give these grouped terms related meanings, and thus, read "removes" to require the same specific, felonious intent as "steals." Gonzales asserts "it is highly unlikely that Congress intended to intermingle crimes requiring a felonious intent with those that do not require such intent without both making a more obvious distinction and providing a lesser penalty for the latter crimes." *United States v. Rush*, 551 F. Supp. 148, 151 (D. Iowa 1982). Gonzales' reading of the statute, however, ignores the inclusion of the term "or" between "steals" and "removes." The use of the disjunctive "or" indicates "steals" and "removes" are to have different meanings. *See United States v. O'Driscoll*, 761 F.2d 589, 597–98 (10th Cir. 1985). Because stealing the contents of mail requires felonious intent, removing the contents of mail should not be interpreted to require the same intent. Otherwise the term "or" in the statute would be superfluous. *See Finley v. United States*, 123 F.3d 1342, 1347 (10th

---

[4]When a federal criminal statute uses a common law term of established meaning without otherwise defining it, the term is given its common law meaning. *Morissette v. United States*, 342 U.S. 246, 263 (1952). "Remove," however, has no accepted common law meaning. We therefore construe the term in accord with its ordinary meaning. *United States v. Northway*, 120 U.S. 327, 334 (1887).

Cir. 1997) (noting every word in a statute should be given operative effect). Additionally, if "steals" and "removes" were both interpreted to require the same felonious intent, there would be nothing to differentiate the crimes and inclusion of both terms in the statute would be redundant. *See Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1161 (10th Cir. 1999) (en banc) (observing statutes will not be construed in a way that renders a word redundant).

Because the plain, unambiguous language of § 1709 criminalizes removing the contents of mail regardless of the defendant's intended use of the contents, we need not examine the statute's legislative history. *Ortiz*, 427 F.3d at 1282. We also cannot use the statute's title, "[t]heft of mail matter by officer or employee," to limit the plain, unambiguous meaning of the term "removes" in the statute's text. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998). Further, we note adherence to the plain text of the statute does not create an absurd result in this case. *See Robbins v. Chronister*, 435 F.3d 1238, 1241 (10th Cir. 2006) (discussing absurdity doctrine). Congress could have rationally determined it was necessary to criminalize all means of tampering with mail by postal service employees to protect the integrity of, and preserve the public confidence in, the postal system. Moreover, in furtherance of this effort, it would not be unreasonable for Congress to provide identical penalties for stealing and embezzling the contents of mail, which require intent to take or convert to one's own use, and the mere removal of the contents of mail. *See* 18 U.S.C. § 1703

-10-

(providing identical penalty—up to five years' imprisonment—for any postal service employee who unlawfully opens a letter intended to be conveyed by mail).

In sum, to sustain a conviction under § 1709 for removing the contents of mail, the government is not required to prove a defendant possessed the specific intent to convert the contents to her own use. Thus, the district court's refusal to give Gonzales' proposed instruction to the contrary was not error. Because the district court informed the jury it was required to find Gonzales knowingly embezzled, stole, or removed the contents of the letters to violate § 1709, the jury instructions as a whole accurately and adequately stated the governing law.

## IV. Conclusion

For the foregoing reasons, the district court did not err in refusing to give Gonzales' proposed jury instruction. We therefore **AFFIRM**.