Stephen Robert HUGHES, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

George P. STACK, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 6333, 6335.

United States Court of Appeals First Circuit.

Dec. 4, 1964.

Daniel Klubock, Boston, Mass., with whom Paul T. Smith and Manuel Katz, Boston, Mass., were on brief, for Stephen Robert Hughes, appellant.

John F. Zamparelli, Medford, Mass., for George P. Stack, appellant.

A. David Mazzone, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

Each of the two appellants appealed from a judgment of conviction entered upon a jury verdict in the United States District Court for the District of Massachusetts. The one count indictment charged them with unlawfully removing certain merchandise while said merchandise was in customs custody and control in violation of Title 18 U.S.C. § 549. That section provides in part:

"Whoever maliciously enters any bonded warehouse or any vessel or vehicle laden with or containing bonded merchandise with intent unlawfully to remove therefrom any merchandise or baggage therein, or unlawfully removes any merchandise or baggage in such vessel, vehicle, or bonded warehouse or otherwise in customs custody or control; or

" *  *  * "

Both defendants moved to dismiss the indictment contending that it did not state facts sufficient to constitute an offense against the United States. The motions were denied.

■■ We believe that felonious intent is necessary to a conviction under the statute in question. Since the indictment failed to allege that intent, the trial court erred in not granting the defendants' motions to dismiss.

■ It is true that felonious intent is not an essential ingredient in every crime and criminal regulation. United States v. Behrman, 258 U.S. 280, 42 S. Ct. 303, 66 L.Ed. 619 (1922); United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922). Both those cases, however, involved the sale of narcotics, and it is only with respect to such offenses as those, so-called "public welfare offenses," that intent may be dispensed with. A crime such as the one presently under consideration, on the other hand, which is substantially a statutory codification of common-law larceny, may not be deprived of its common-law element of intent. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Accordingly larcenous intent—knowledge of a wrongful act—may not be dispensed with.

■ The Government argues that the requirement of knowledge is satisfied, both in the statute and in the indictment, by the use of the word "unlawfully". We do not agree. It would seem to us that "unlawfully" is a conclusion of law meaning "contrary to law" and no more. We do not interpret it as meaning "knowingly." Indeed, it would seem to us that the indictment as it is phrased would support the conviction of a person who innocently removed goods from customs custody and control before their release, mistakenly thinking the appropriate papers complete when they were not. This is not a case where other allegations in the indictment compel an inference of intent. Portnoy v. United States, 1 Cir., 1960, 316 F.2d 486, cert. den. 375 U.S. 815, 84 S.Ct. 48, 11 L.Ed.2d 50; Madsen v. United States, 10 Cir., 1947, 165 F.2d 507. Of the cases cited by the Government as being to the contrary, we have not found one which clearly holds that "unlawfully" *alone* will suffice to imply an element of intent. See Morissette v. United States, supra, 342 U.S. at 264, 72 S.Ct. 240.

Many sections of Title 18, Chapter 27 —Customs—of which § 549 is a part,

include the requirement of felonious intent, for example: section 541—"knowingly"; section 542—"fraudulent," "without reasonable cause to believe the truth," "willful"; section 543—"knowingly"; section 544—"intent"; section 545—"knowingly and willfully, with intent to defraud," "fraudulently or knowingly," "knowing"; section 546—"for the purpose of," "knowledge or reasonable grounds for belief"; section 548—"fraudulently"; section 550—"knowingly and willfully"; section 551—"willfully," "for the purpose of"; section 552—"knowingly."

Furthermore, the penalty provided in Section 549 is a fine not more than $5,000 or imprisonment not more than two years, or both. Accordingly, Title 18, § 1 U.S.C. makes a violation of Title 18, § 549 a felony.

Judgment will be entered in each case vacating the judgment of the district court, setting aside the verdict and remanding the case to that court with instructions to dismiss the indictment.