**UNITED STATES of America**

v.

**Arthur Allen JORDAN.**

**Crim. No. 68–78–C.**

United States District Court
D. Massachusetts.

May 28, 1968.

Paul F. Markham, U. S. Atty., Thomas P. O'Connor, Boston, Mass., for plaintiff.

John D. O'Reilly, III, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This matter came before the Court upon the basis of defendant's motion to suppress evidence and upon defendant's motion to dismiss the information for failure of each and every count therein to state an offense against the United States. After hearing I find and rule as follows with regard to these two motions.

*A. The Motion to Suppress Evidence*

On August 11 and 12, 1967, Post Office Inspectors put test letters in the mail at collection boxes where the defendant was scheduled to make pickups of letter mail. They determined that some of the test letters were missing when defendant delivered his picked up mail at the Mattapan Post Office at the conclusion of his duties on August 12. When he left the Post Office that day he was followed by Inspectors Lobello and Guilfoyle, who observed him drive his automobile from the Mattapan Post Office to a bakery in Wollaston. En route they observed him throw something out of his car as he drove along. They did not stop at that time but followed him to the bakery which was entered by Inspector Lobello while the defendant was still there. The inspector identified himself to the clerk at the bakery and retrieved a dollar bill with which defendant had just made a purchase. This dollar bill was identified by Inspector Lobello as one put in one of the missing test letters by Inspector Guilfoyle and himself that same morning. The letter which contained this one dollar bill is the subject matter of Count One of the Information. The inspectors did not follow defendant beyond the bakery but returned to the place where they had seen him throw something from his car. There they retrieved the pieces comprising two of the missing test letters.

On August 15, 1967, the inspectors observed defendant on his route and saw him make an unscheduled stop during which he held up to the light various envelopes. Later on August 15 they observed that certain test letters they had again placed in collection boxes on defendant's route were missing when he turned in his mail collection near the conclusion of his duties that day.

When defendant left the Post Office on August 15 he was accosted by Inspectors Lobello and Guilfoyle a short distance from the Post Office. They informed him that they would like to discuss a mail matter with him and requested him to return to an office inside the building. During the short walk one of the inspectors walked beside the defendant and the other behind him, and he was told by the inspector who walked to his rear to keep his hands out of his pockets during the walk. Upon entering the building the three proceeded directly to an office and Inspector Lobello immediately advised the defendant of his constitutional rights, including his right to remain silent, his right to the services of an attorney, and his right to a court-appointed attorney if he could not afford to hire his own. Upon conclusion of the advice to defendant of his rights, he was requested to empty his pockets, which he did. Included in the material removed from his pockets were the letters which are the subject matter of Counts Two through Six of this Information.

Defendant declined to execute a waiver of any of his rights and also declined to give a statement, whereupon Inspector Guilfoyle telephoned to an Assistant United States Attorney and as a result of the conversation defendant was allowed to leave the Post Office. Defendant believed that he had no choice but to enter the Post Office with the inspectors, that he was required to empty his pockets when told to do so, and that he was not free to leave.

On the basis of the foregoing I rule (1) defendant was arrested by the Post Office inspectors in the course of

his return to the Post Office on August 15, since his freedom of movement was significantly curtailed (Cf. United States v. Festa, 192 F.Supp. 160 (D.Mass. 1960)); (2) the events of August 12 and August 15 afforded the Post Office inspectors reasonable grounds to make an arrest without a warrant; and (3) the direction to defendant to empty his pockets was part of a reasonable search made incident to defendant's arrest. The motion to suppress is denied.

### B. The Motion to Dismiss

Each of the six counts in this Information charges in pertinent part that the defendant "being a Postal Service employee as defined by Section 12, Title 18, United States Code, did steal, abstract and remove from a letter * * *" (in Count One), and "did embezzle a letter * * *" (in Counts Two through Six), in violation of 18 U.S.C. § 1709.

The motion to dismiss is premised on the grounds that each count is defective because of the absence therein of an allegation of felonious intent on the part of the defendant.

■ A reading of 18 U.S.C. § 1709 leaves no doubt that that section is the codification by Congress of the common law crimes of larceny and embezzlement. A reading of the opinion of the Court of Appeals for this Circuit in Stack v. United States, 338 F.2d 651 (1964), rehearing denied 340 F.2d 609 (1965), leaves no doubt that in this Circuit an indictment or information based on a federal statute which is substantially a codification of a common law crime such as larceny or embezzlement, is fatally defective if it lacks an allegation of the common law element of felonious intent. The contention by counsel for the Government that the counts in the Information should be held valid because the Information charges in the words of the statute was laid to rest by the Supreme Court in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1951), where the Court pointed out, in the now seventeen year old footnote No. 30,

> "Had the indictment been limited to a charge in the words of the statute, it would have been defective if, in the light of the common law, the statute itself failed to set forth expressly, fully, and clearly all elements necessary to constitute the offense."

18 U.S.C. § 1709 fails to set forth expressly, fully, and clearly all elements necessary to constitute common law larceny or common law embezzlement.

■ The motion to dismiss all six counts of this Information must be allowed because they all fall within the ruling in Stack v. United States, supra, 338 F.2d at p. 652, that "larcenous intent—knowledge of a wrongful act—may not be dispensed with."