**UNITED STATES of America, Plaintiff,**

v.

**Donald A. HUMMER and William E. Vaughn, Jr., Defendants.**

**No. 69 CR 693.**

United States District Court, N. D. Illinois, E. D.

Feb. 5, 1971.

William J. Bauer, U. S. Atty., Chicago, Ill., A. E. Lapidus, Asst. U. S. Atty., for plaintiff.

Nelson I. Dunitz, Chicago, Ill., for defendant Hummer.

Willard J. Stepek, Chicago, Ill., for defendant Vaughn.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS INDICTMENT

ROBSON, Chief Judge.

After the Government rested its case during the trial of this matter, the defendant William Vaughn moved to dismiss the indictment on the grounds that it failed to allege the essential element of felonious intent. For the reasons stated, this court is of the opinion that the motion should be denied.

The indictment charges the defendant Vaughn with embezzling certain specifically described packages which were intended to be conveyed in the United States mail while he was an employee of the United States Post Office, in violation of 18 U.S.C. § 1709. The indictment follows the statutory language. It does not contain a separate allegation pertaining to intent. Defendant Vaughn now claims that such an omission renders the indictment fatally defective. He cites the decision by Judge Andrew A. Caffrey in United States v. Jordan, 284 F.Supp. 758 (D.Mass.1968), which held that felonious intent must be alleged in an indictment brought under 18 U.S.C. § 1709. Judge Caffrey relied on an earlier decision of the United States Court of Appeals for the First Circuit which held that such an allegation is necessary in an indictment brought under a materially different statute. Hughes v. United States, 338 F.2d 651

(1st Cir. 1964). While that decision does support defendant Vaughn's position, this court is of the opinion the *Jordan* case does not state the law of this Circuit. In United States v. Alexander, 415 F.2d 1352, 1357–1358 (7th Cir. 1969), the United States Court of Appeals for the Seventh Circuit approved the definition of "embezzlement" as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." Such a definition implicitly includes wrongful or felonious intent. A person could not fraudulently appropriate the property of another to himself without felonious intent. The court concludes that the word "embezzled" used in both the statute and this indictment connotes to both lawyers and laymen that the act alleged was done with wrongful and felonious intent, and the indictment is therefore legally sufficient.

It is therefore ordered that the motion to dismiss the indictment be, and it is hereby denied.