**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Delois WILLIS, Defendant-Appellant.**

**No. 74–1834.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 27, 1975.

Decided May 12, 1975.

Marvin A. Brusman and Julius L. Sherwin, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman and Thomas K. McQueen, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and STEVENS and TONE, Circuit Judges.

STEVENS, Circuit Judge.

Appellant was found guilty of embezzling two packages which had come into her possession as a mail handler in the Postal Service.[1] By motion in arrest of judgment she attacked the sufficiency of the indictment because it did not expressly allege that she acted with felonious intent.[2] The district court held that the word "embezzle" necessarily embraced the element of willfulness, and therefore the indictment, though it could have been improved, was sufficient. On appeal, in addition to her attack on the indictment, defendant also challenges the sufficiency of the evidence.

I.

Appellant relies on the rule that an indictment must allege all essential elements of a crime. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92. She argues that the defendant's *mens rea* is such an element of embezzlement and, therefore, in the language of Rule 12(b)(2), the indictment failed to charge an offense.[3]

Defendant did not question the indictment in advance of trial. That omission does not constitute a waiver, but it does make it appropriate to construe the indictment liberally in favor of sufficiency. United States v. Norman, 391 F.2d 212, 213 (6th Cir. 1968), cert. denied, 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163;[4] *see also* Hagner v. United States, 285 U.S. 427, 433, 52 S.Ct. 417, 76 L.Ed. 861. So construed, it is reasonable to find that the requisite intent was implicitly charged by the use of the word "embezzle" in the context of a description of unlawful behavior with respect to a package entrusted to the defendant.

We have recently identified the two constitutional concerns that compel an indictment procedure:

1. 18 U.S.C. § 1709 provides:

"Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

2. Count I of the indictment charged that:

"On or about November 19, 1973 at Chicago, in the Northern District of Illinois, Eastern Division, the defendant, DELOIS WILLIS, being an employee of the United States Postal Service, to wit: a regular mail handler, unlawfully did embezzle a package, to wit: a parcel addressed to Bernard G. Smith, 15204 Martin Road, Roseville, Michigan 48066, which package had been entrusted to Delois Willis and which had come into her possession intended to be conveyed by mail:

In violation of Title 18, United States Code, Section 1709."

The charge in Count II was identical except that it described a parcel originally addressed to a person in Olney, Illinois.

3. Rule 12(b)(2) provides:

"(2) Defenses and Objections Which Must Be Raised. Defenses and objections based on *defects in the institution of the prosecution* or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

4. In that case the court rejected the argument that the indictment was insufficient because it did not expressly allege that the defendant had "knowledge" that a motor vehicle had been stolen, or that he had the "intent" to commit a crime.

(1) that an indictment adequately apprise a defendant of the charge against him so that he can prepare his defense and (2) that if future proceedings are brought against the defendant for a similar offense, the record shows to what extent the defense of double jeopardy is available.

United States v. Ray, 514 F.2d 418 at 422 (7th Cir. 1975). These concerns were plainly satisfied in this case.

Appellant argues, however, that a third concern—the need to be sure that the grand jury considered all of the essential elements of the crime before returning the indictment—requires reversal. She contends that, had the grand jury been properly instructed, it might not have returned an indictment. This argument is most strongly supported by United States v. Denmon, 483 F.2d 1093 (8th Cir. 1973). In that case the court held that the failure to charge that the defendant acted willfully invalidated an indictment under 18 U.S.C. § 641. That holding is not applicable here.

The indictment against Denmon merely charged that he had sold certain government property "without authority." [5] No word, such as "embezzling" or "smuggling," [6] which implicitly describes a criminal intent, was included in the indictment. Thus, neither expressly nor impliedly was the intent element of the offense alleged in the *Denmon* indictment. There was, therefore, special force to the argument that the grand jury might not have considered all of the essential elements of the charged offense. *Id.* at 1095.

We are persuaded, however, as Judge Robson held in United States v. Hummer, 322 F.Supp. 601 (N.D.Ill.1971), that the word "embezzle" "connotes to both lawyers and laymen" that the act was performed with wrongful intent. 322 F.Supp. at 602. Both the dictionary definition and the accepted usage of the word are consistent with this conclusion. Moreover, to the extent that doubt may exist as to the grand jury's understanding of its own charge, we believe that the indictment should be construed liberally because the criminal rules contemplate raising the issue by motion in advance of trial when there would still be opportunity to have a new indictment returned.

Appellant also relies on a footnote in Morissette v. United States, 342 U.S. 246, 270, 72 S.Ct. 240, 253, 96 L.Ed. 288 n. 30, that states that an indictment in the words of the statute is defective if the statute itself does not expressly and clearly set forth all the elements of an offense.[7] We acknowledge the applicability of that language, but do not consider it controlling for two reasons.

First, it is dictum. In *Morissette* there was no deficiency in the indictment. Even though the indictment was adequate, reversal was required because the trial judge had misconstrued the statute and submitted the case to the jury on the erroneous theory that unlawful intent was not an element of a violation of § 641. The footnote was merely appended to the discussion of the element of willfulness as part of the statutory crime of conversion.

---

**5.** The charging paragraph, which is quoted in the *Denmon* opinion, read as follows:

"On or about the 3rd day of March, 1972, in the Western District of Missouri, MARION C. DENMON, JR. did sell and dispose of, without authority, three Aro one-fourth inch air drills, model number 8071C, bearing serial numbers 2896L71, 2897L1, and 2938L71, the same being the property of the United States having a value in excess of $100.00, all in violation of Section 641, Title 18, United States Code."
483 F.2d at 1094.

**6.** In Dunbar v. United States, 156 U.S. 185, at 193, 15 S.Ct. 325, 39 L.Ed. 390, the Court pointed out that the word "smuggling" carries with it the implication of knowledge.

**7.** The Court's footnote reads as follows:

"Had the indictment been limited to a charge in the words of the statute, it would have been defective if, in the light of the common law, the statute itself failed to set forth expressly, fully, and clearly all elements necessary to constitute the offense. United States v. Carll, 105 U.S. 611 [26 L.Ed. 1135]."

Second, although *Morissette* was decided a few years after the Revised Criminal Rules became effective, it preceded the first Supreme Court opinion that specifically considered the impact of these rules on a test of sufficiency of an indictment, United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. The emphasis in *Debrow* on the purposes of the rules to eliminate technicalities in criminal pleading, and to secure simplicity in procedure, is somewhat inconsistent with literal adherence to the *Morissette* footnote, at least in a post-verdict setting when we have no doubt about the adequacy of the pretrial notice to the defendant and the absence of double jeopardy concerns.

Finally, we note that there is no reason to fear that this case was tried on a theory at variance with that presented to the grand jury. The kind of problem presented in Stirone v. United States, 361 U.S. 212, 218–219, 80 S.Ct. 270, 4 L.Ed.2d 252, or in Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240, is not present here. We hold that the indictment was sufficient to withstand a motion in arrest of judgment.

## II.

■ Defendant was employed as a regular mail handler. The jury heard evidence that she and a co-worker removed the labels from two packages containing typewriters, and that she prepared two new labels, one addressed to her sister and the other addressed to her co-worker's sister. The latter package was recovered after a controlled delivery; the former before it left the Post Office.

There admittedly are some gaps in the evidence. Specifically, it is possible that the substitute labels originally typed by defendant were not actually used, but instead were replaced by still another set containing the same names, and there is no direct evidence describing how the second pair of substitutes was prepared. Moreover, several days elapsed between the removal of the original labels and the recovery of the packages. Looking

solely at the initiation and the completion of the transaction, however, under the rule of Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, we are satisfied that the evidence was sufficient to support the verdict.

Affirmed.