UNITED STATES of America, Plaintiff,

v.

AZZARELLI CONSTRUCTION COMPANY, Loitz Bros. Construction Company, Kankakee Paving Corporation, Central States Engineering, Inc., Joseph I. Azzarelli, John F. Azzarelli, Defendants.

Crim. No. 78–00020–D.

United States District Court,
E. D. Illinois.

Sept. 18, 1978.

---

James R. Burgess, Jr., U. S. Atty., E. D. Illinois, East St. Louis, Ill., Richard J. Braun, Steven M. Kowal, Alan N. Grossman, Dept. of Justice, Antitrust Division, Chicago, Ill., for plaintiff.

Willis Ryan, Ryan & Cini, Mattoon, Ill., for defendant Azzarelli Const. Co.

William A. Barnett, Gerald Risner, Chicago, Ill, for defendant Joseph Azzarelli.

George Cotsirilos, Robert M. Stephenson, George J. Cotsirilos & Associates LTD, Chicago, Ill., for defendant John F. Azzarelli.

George D. Crowley, Richard Manning, Warren Fuller, Chicago, Ill., for defendant Central States Engineering, Inc.

## ORDER

FOREMAN, Chief Judge:

The indictment in this case arises from an alleged bid-rigging scheme involving highway construction on federal aid routes 18 and 26. Count I charges that the defendants conspired to rig the bidding on certain contracts offered by the State of Illinois in violation of § 1 of the Sherman Act, 15 U.S.C. § 1. Counts 2 through 13 charge that the defendants conspired to defraud the State of Illinois by submitting rigged bids and that in furtherance of this scheme the defendants used the United States mails in violation of 18 U.S.C. § 1341. Presently before the Court are a variety of pretrial motions filed by various parties.[1] The Court will rule on these motions seriatim.

I. Defendant Joseph Azzarelli's motion to dismiss Count 1; Defendant John Azzarelli's motion to dismiss indictment; Defendant John Azzarelli's Additional Motion to Dismiss the Indictment.

The defendants collectively have moved to dismiss the indictments on six grounds. They first contend that Count I which alleges a violation of the Sherman Act must be dismissed because it fails to allege the requisite intent, an essential element of the offense.

In *United States v. United States Gypsum Co.,* —— U.S. ——, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978), the Supreme Court held that the government must prove either that the defendant acted with knowledge that his acts would have probable anticompetitive effects or that the defendant acted with the purpose of producing anticompeti-

tive effects. Count I charges that the defendants entered into a conspiracy, the essential terms of which were to suppress and eliminate competition for the construction of at least one specific portion of a public federal-aid highway project let by the State of Illinois on July 29, 1975, in unreasonable restraint of the above described interstate commerce and trade.

 The requirement that an indictment contain a clear delineation of the offense charged is to provide (1) notice adequate to permit preparation of a defense; and (2) protection against double jeopardy. *United States v. Willis,* 515 F.2d 798, 799–800 (7th Cir. 1975). These objectives are satisfied even though the indictment does not state *in haec verba* the requisite mental state but fairly implies knowledge or intent. *Willis, supra; United States v. Arteaga-Limones,* 529 F.2d 1183 (5th Cir. 1976). The Court finds that the charge in Count I alleging a conspiracy to eliminate competition implies that the defendants acted with intent to accomplish that objective. *Frohwerk v. United States,* 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561 (1919); *Williams v. United States,* 208 F.2d 447, 449 (5th Cir. 1953). Therefore, the defendants' motion to dismiss Count I on this ground is DENIED.

 The defendants next contend that Count I must be dismissed because it charges two separate and distinct offenses in paragraphs 13 and 15(f). A fair reading of the indictment supports the government's position that paragraph 13 generally describes the conspiracy and paragraph 15 including section (f) lists some of the acts performed to effectuate the conspiracy. The mere fact that the overt act charged is also criminal in nature does not make Count I duplicitous. Accordingly, this ground to dismiss Count I is also without merit.

The defendants next argue that the filing of a criminal antitrust charge precludes the filing of additional charges for mail fraud arising from the same transaction. Thus,

---

1. The defendants have each filed a motion to adopt the motions of the other defendants. These motions are granted. Thus, in discussing the merits of the motions that follow, the Court will consider them collectively, without regard to the defendant who raised the issue.

they contend that Counts 2 through 13 should be dismissed because (a) Count I charges an antitrust violation and Congress intended to limit the maximum penalty proscribed by the Sherman Act thereby foreclosing prosecution under any other statute that would increase the ceiling of that penalty; (b) Congress did not intend the mail fraud statute to cover conduct that is criminal only by virtue of government prohibition; and (c) Congress never intended the mail fraud statute to be extended to areas already covered by other comprehensive statutes such as the Sherman Act.

The Court notes, at the outset, that the counts in the indictment allege separate and distinct offenses which are violations of separate statutes with different elements. *United States v. Brighton Bldg. & Maintenance Co.,* 435 F.Supp. 222 (N.D.Ill.1977). Thus, unless the Court finds that Congress intended the statutes to be mutually exclusive, no bar to prosecution under both statutes exists.

■ The Court has considered defendants' interpretation of both the mail fraud statute and the Sherman Act and hereby finds no implied intent to preclude prosecution under both statutes. While the Court agrees that the Sherman Act is specifically directed to the conduct charged here, the Court does not discern any clear indication that Congress intended it to be the only statute under which such conduct should be prosecuted if in fact the conduct also violates a separate statute with additional or different elements. Congressional silence in this regard at best indicates a decision to leave such matters in the discretion of the prosecuting authorities and the mere fact that this discretion to prosecute was not exercised until recently cannot be used to bolster defendants' argument.

The defendants' reliance on *United States v. Henderson,* 386 F.Supp. 1048 (S.D.N.Y. 1974) and *United States v. Maze,* 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974) is also misplaced. In *Henderson,* the defendant was charged with income tax evasion and mail fraud, the mail fraud count being based on the defendant's mailing his tax return to the Internal Revenue Service. Although the Court dismissed the mail fraud count, it specifically noted that schemes to defraud governmental units involving the purchase or sale of commodities or services is within the purview of the mail fraud statute. In the present case, unlike *Henderson, supra,* the alleged scheme concerns the purchase of services by the State of Illinois. Similarly, the Supreme Court in *Maze, supra,* upheld the reversal of the defendant's conviction for mail fraud because the Court found that the mailings occurred after the defendant had already obtained the object of his fraud. The alleged mailings in the present case occurred prior to the time the defendants received the proceeds of the alleged fraud. *See, Brighton Bldg., supra* at 229 n. 8. Accordingly, the defendants' motion to dismiss Counts 2 through 13 is DENIED.

■ The defendants next contend that the indictment is vague and ambiguous and, as such, they are unable to prepare a defense. The two criteria by which the sufficiency of an indictment is to be judged is whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Considering these standards, this ground is also without merit.

■ The defendants next contend that the mailings charged in the indictment occurred after the low bidder had been agreed upon and thus, cannot support the mail fraud scheme charged in the indictment because these were not in furtherance of that scheme. The defendants, therefore, contend that the alleged scheme was complete once the respective companies chose the low bidder. A mailing in furtherance of the collection of proceeds from a fraudulent scheme is sufficient to support a conviction for mail fraud. *United States v. Keane,*

522 F.2d 534, 552 (7th Cir. 1975). The mailings charged in this indictment consist of executed copies of contracts and warrants for payment. The mailings, therefore, were in furtherance of the alleged fraudulent scheme. Accordingly, the motion to dismiss Counts 2 through 13 for this reason is also DENIED.

Defendants finally move to dismiss the indictment because of improper interrogation of the defendant John Azzarelli before the grand jury. The defendant John Azzarelli states that he informed the government, prior to being called to testify, that he intended to exercise his Fifth Amendment right to questions regarding his participation in the present case. He contends that the government nevertheless persisted in calling him to testify and, thereby, tainted the grand jury by asking prejudicial questions. The government defends its actions on the basis that defendant's counsel informed him that defendant would invoke his privilege with respect to some questions but not all. Moreover, the government states that defendant was given an opportunity to voluntarily present any exculpatory evidence and the grand jury was instructed to draw no inference from a witness's invocation of his Fifth Amendment privilege.

 The Court agrees that defendants are entitled to a fair and impartial grand jury. *Cassell v. State of Texas,* 399 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839 (1950). The Court, however, has examined defendant John Azzarelli's grand jury testimony and considered the arguments of both parties and hereby concludes the conduct of the government does not warrant dismissal of the indictment, particularly in light of the instruction. Thus, this motion to dismiss the indictment is also DENIED.

II. Motion for Bill of Particulars filed by Joseph I. Azzarelli; Motion for Bill of Particulars filed by John Azzarelli.

Defendants John and Joseph Azzarelli have each filed a bill of particulars seeking identification of co-conspirators, the time covered by the indictment, acts of the conspirators, the substance of their statement, the times and places of meetings, names of persons present and definition of terms. The plaintiff has filed a voluntary bill of particulars in response to the request answering some of the inquiries and has filed a memorandum in opposition to defendant's motion.

 Bills of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure are appropriate where necessary to acquaint the defendant with the nature of the charges against him so that there will be a sufficient opportunity to prepare for trial and avoid surprise, and also enable him to plead double jeopardy in any subsequent prosecution. *United States v. Mahany,* 305 F.Supp. 1205, 1209 (N.D.Ill.1969). In light of the sufficiency of the indictment and the voluntary bill of particulars filed by the government in this case, the Court finds that defendants have been made aware of the nature of the charges against them so as to prepare for trial and raise the defense of double jeopardy in subsequent proceedings. Accordingly, the motions for bills of particulars are DENIED.

III. Motion for Discovery and Inspection filed by Joseph I. Azzarelli; Motion for Discovery Under Rule 16(a)(1) filed by John Azzarelli.

The defendants have moved pursuant to Federal Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure for all written or recorded statements by the defendant. Pursuant to the pre-trial order entered in this case, the government gave counsel for the defendants documents which reflect statements made by the defendants to a government agent and transcripts of the grand jury testimony of the defendants. Counsel for the government has stated that he has no electronic surveillance of these defendants.

 Defendants now seek disclosure of documents that reflect statements of the defendants to third parties that are recorded in statements of the third party to an agent of the government. These state-

ments are protected from disclosure under the Jencks Act. *United States v. Zarattini,* 552 F.2d 753 (7th Cir. 1977). Similarly, statements of witnesses the government intends to call at trial are protected by the Jencks Act, as well as statements made by co-defendants and co-conspirators. The Court recognizes that it has discretion to require the government to disclose its list of witnesses to be called at trial. *United States v. Jackson,* 508 F.2d 1001, 1006 (7th Cir. 1975). Nevertheless, the Court finds that such an order is unwarranted in this case due to the government's willingness to enter into an agreement for the mutual exchange of names of witnesses. Finally, the Court finds no need to enter an order for disclosure of electronic surveillance in light of the affidavit of Richard J. Braun which states that the government has no knowledge of any such surveillance. Accordingly, the defendants' motions are DE-NIED.

IV. Motion for Discovery Under Rule 6(e) filed by Joseph Azzarelli; Motion for Discovery Under Rule 6(e) filed by John Azzarelli.

The defendants in this motion seek the disclosure of grand jury testimony of all other defendants, all past or present employees or representatives of all other corporate defendants, all firms, corporations, individuals or other persons who are unnamed co-conspirators, all others who have or claim to have knowledge concerning the subject matter of the indictment and all tangible objects submitted to the grand jury for its deliberations.

■■■ Grand jury testimony, other than material required to be disclosed under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1973) and *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966) at the time of trial, is not subject to disclosure unless a showing of particularized need is made. *Pollard v. United States,* 441 F.2d 566 (7th Cir. 1971). The Court finds that the defendants have not made the requisite showing of particularized need which outweighs the policy of

secrecy. Accordingly, this request is denied.

V. Defendant John Azzarelli's Motion for Discovery Under Rule 16(a)(1)(C).

Defendants have moved for an order permitting inspection and copying of all books, papers and documents, including all grand jury testimony, documents and exhibits, or copies or portions thereof, which are within the government's possession and are material to the preparation of defendant's defense including all guidelines of the Antitrust Division regarding criminal prosecution under the Sherman Act.

■■■ The government, pursuant to the pre-trial order of this Court, has already granted defendants access to the documents required by Rule 16(a)(1)(C). Defendants are not entitled to disclosure of internal government memoranda under Rule 16(a)(2). The defendant's motion, to the extent it seeks grand jury testimony, is duplicative of the motions filed under Rule 6(e). Accordingly, defendant's motion for further discovery is DENIED as all materials subject to discovery under this Rule have been made available to the defendants.

VI. Motion for Immediate Disclosure of Favorable Evidence filed by John Azzarelli.

■■■ Defendants have moved for disclosure of all favorable evidence within the possession, custody and control of the government pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Within this motion, the defendants have specifically requested numerous documents and lists within the possession of the government. On July 12, 1978, the government disclosed all *Brady* material known by the attorneys who participated in the investigation leading to the preparation of this case for trial and has represented to the Court the government's intention to supplement this disclosure should it discover any other materials. Since the government has stated that it has complied with the requirements of *Brady,* this Court need not

order that all evidence in the government's possession be given to defendants. *United States v. Hauff,* 473 F.2d 1350, 1354 (7th Cir.), *cert. denied,* 412 U.S. 907, 93 S.Ct. 2299, 36 L.Ed.2d 972 (1973). Accordingly, this motion is moot.

VII. Motion of Defendant John Azzarelli for a Pretrial Hearing Pursuant to F.R.Evid. 104(a) and (c) to Determine Admissibility of Co-Conspirator Declarations.

Defendants seek a pretrial hearing to determine the sufficiency of the independent evidence of the conspiracy on which the government relies.

■ The Court recognizes its duty to determine the admissibility of co-conspirator declarations under Rule 104(a). *United States v. Santiago,* 582 F.2d 1128 (7th Cir. 1978). The government, nevertheless, has stated its intention to establish the existence of the conspiracy prior to offering the declarations of co-conspirators against the defendants. The Court feels that this procedure is adequate to avoid unfair prejudice to the defendants. Accordingly, this motion for a pretrial hearing is DENIED as the Court will decide the admissibility of co-conspirator declarations at trial.

VIII. Motion of Defendant John Azzarelli for an Order Requiring the Government to Give Notice of its Intention to Use Other Crimes, Wrongs or Acts Evidence.

■ Defendants seek an order requiring the government to disclose other crimes, wrongs or acts of any defendant that the government intends to use at the trial, either in its case in chief, in cross-examination of a defendant or in rebuttal. The defendants urge the Court to adopt this procedure so that the defendants will be informed of the government's theory of relevancy. The Court feels that the admissibility of this evidence is more appropriately determined in the course of the trial. Thus, the motion is DENIED.

IX. Defendant John Azzarelli's Motion to Sever Count One of the Indictment from Counts Two Through Thirteen of the Indictment; Motion of Azzarelli Construction Co. to Sever Count One of the Indictment from Counts Two Through Thirteen of the Indictment.

The defendants have moved to sever Count One from Counts Thirteen of the Indictment because they allege that the counts are improperly joined and that the government has made improper use of the mail fraud counts. The substance of this motion is that defendants will be unfairly prejudiced because the mail fraud counts will have an adverse psychological effect on the jury when judging the antitrust case.

■ The Court has fully considered defendants' argument in this regard including the comments of Judge Leighton in *United States v. Allied Asphalt Paving Company, et al.,* 451 F.Supp. 804 (N.D.Ill.1978). The Court, however, feels that severance in this case is unwarranted. Accordingly, the motion for severance is DENIED.

X. Motion to Set Case for Trial at Danville filed by Joseph Azzarelli; Motion of Azzarelli Construction Co. to Set Case for Trial at Danville, Illinois; Response of Central States Engineering, Inc. to Motion of Joseph I. Azzarelli to Set Case for Trial at Danville, Illinois.

■ Defendants have moved this Court to reconsider setting this case for trial at Danville, Illinois. The Court has considered defendants' arguments but finds that defendants will be able to get a fair trial in East St. Louis. Thus, this motion is DENIED.

XI. Motion of Defendant John Azzarelli to Strike Surplusage.

Defendants have moved to strike paragraph 16 of Count I as irrelevant and prejudicial surplusage. Paragraph 16 alleges that the alleged unlawful conspiracy had certain anticompetitive effects.

■ The Court agrees that price fixing is per se illegal under the Sherman Act

§ 1 and, as such, effects need not be shown to establish the substantive offense. *United States v. Finis P. Ernest, Inc.,* 509 F.2d 1256, 1259 (7th Cir.), *cert. denied,* 423 U.S. 874 (1975). The Court, however, is unable to conclude that the effects as alleged are irrelevant surplusage. *United States v. United States Gypsum Co., supra; United States v. Amax, Inc.,* Crim. No. 76 CR 783 (N.D.Ill. Sept. 15, 1976). Accordingly, this motion is DENIED.

XII. Defendant John Azzarelli's Motion to Suppress His Grand Jury Testimony.

Defendant John Azzarelli seeks to suppress his grand jury testimony on the ground that he was not informed of his Fifth Amendment rights as to each and every question asked of him.

█ The affidavit of counsel for the government states that he conferred with counsel for the defendant and was assured that defendant had been fully advised of his rights. Counsel for the government also advised counsel for the defendant that he would permit the defendant to consult with counsel at any time during his appearance that he so desired. Government counsel further states that at the time of defendant's appearance, defendant was merely a subject and not a target of the grand jury investigation. During defendant's grand jury appearance, defendant exercised his Fifth Amendment right ninety eight times. Given these facts, the Court feels that suppression is unwarranted. Accordingly, the motion to suppress is DENIED.

IT IS SO ORDERED.