UNITED STATES of America

v.

**Earl STOUT and Peter J. Serubo.**

**Crim. No. 80–00110.**

United States District Court,
E. D. Pennsylvania.

Sept. 30, 1980.

Peter F. Vaira, U. S. Atty., Peter J. Smith, Luther E. Weaver, III, Asst. U. S. Attys., Philadelphia, Pa., for plaintiff.

Harvey A. Sernovitz, Philadelphia, Pa., for Serubo.

Richard A. Sprague and Robert E. Madden, Philadelphia, Pa., for Stout.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Defendant Stout has moved to dismiss the mail fraud counts of the indictment (Counts 2 through 49). He contends that the conduct which the Government alleges constitutes a criminal violation of the mail fraud statute, 18 U.S.C. § 1341, is the identical conduct which Congress has regulated by the Landrum–Griffin Act, 29 U.S.C. §§ 401–531 (1959). Therefore, defendant argues, the Government must resort to the remedies articulated in the Landrum–Griffin Act because prosecution under the mail fraud statute has been preempted. Neither the research of counsel nor ours has revealed any case directly on point. *But cf. United States v. Scales*, 594 F.2d 558 (6th Cir.), *cert. denied*, 441 U.S. 946, 99 S.Ct. 2168, 60 L.Ed.2d 1049 (1979) (defendant was prosecuted under both the mail fraud statute and § 501(c) of the Landrum–Griffin Act; the issue of preemption was not raised); *United States v. Bane*, 433 F.Supp. 1286 (E.D.Mich.1977), *aff'd*, 583 F.2d 832 (6th Cir. 1978), *cert. denied*, 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979) (prosecution under both statutes). However, past cases have applied the mail fraud statute to various fraudulent schemes even though a comprehensive and detailed federal statute likewise proscribed defendant's acts. *See, e. g., United States v. Brien*, 617 F.2d 299 (1st Cir.), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 273 (1980) (violations of mail fraud statute and the Commodities Futures Trading Act, 7 U.S.C. § 60); *United States v. Weatherspoon*, 581 F.2d 595 (7th Cir. 1978) (violations of mail fraud statute and the false statements statute, 18 U.S.C. § 1001); *United States v. Melvin*, 544 F.2d 767 (5th Cir.), *cert. denied*, 430 U.S. 910, 97 S.Ct. 1184, 51 L.Ed.2d 587 (1977) (violation of mail fraud statute and the Jenkins Act, 15 U.S.C. § 376 *et seq.*, which requires the seller of cigarettes in interstate commerce to report the transaction to state tax officials; held, the Jenkins Act was not the exclusive statute under which to prose-

cute defendants); *United States v. Brewer*, 528 F.2d 492 (4th Cir. 1975) (violations of mail fraud statute and the Jenkins Act); *United States v. Azzarelli Construction Co.*, 459 F.Supp. 146 (E.D.Ill.1978), *aff'd*, 612 F.2d 292 (7th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 3010, 65 L.Ed.2d 1112 (1980) (violations of mail fraud statute and Sherman antitrust statute, 15 U.S.C. § 1). *But see United States v. Henderson*, 386 F.Supp. 1048 (S.D.N.Y.1974) (violations of mail fraud statute and Internal Revenue Code, 26 U.S.C. §§ 7201, 7206(1); held, defendant could only be prosecuted under the Internal Revenue Code).[1] Indeed, the mail fraud statute "contains no restrictive language excluding any type of fraudulent conduct in which use of the mails plays an essential role. On the contrary, the plain language of the statute condemns *any scheme to defraud* in which the mails are used." *United States v. Melvin*, 544 F.2d at 773 (emphasis added). *See also United States v. Mandel*, 591 F.2d 1347, 1358 (4th Cir. 1979), *cert. denied*, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980).

■ Moreover, courts are hesitant to find that one statute preempts–and hence impliedly repeals–another statute. Therefore, unless a contrary intent of Congress is "clear and unequivocal," the two statutes must be read as to coexist harmoniously. *United States v. Brien*, 617 F.2d at 310. *See United States v. Mirabile*, 503 F.2d 1065, 1066 (8th Cir. 1974), *cert. denied*, 420 U.S. 973, 95 S.Ct. 1395, 43 L.Ed.2d 653 (1975) (there must be "a clear showing of contrary legislative intent"); *United States v. Azzarelli Construction Co.*, 459 F.Supp. at 150.

Defendant argues that 29 U.S.C. § 501(c) exclusively lists those federal crimes under which a labor union official may be prosecuted. 29 U.S.C. § 501(c) includes embezzlement, stealing, and conversion; it does not include breach of fiduciary duty. Defendant asserts that this reflects a congressional intent not to impose *criminal* liability upon a union official who was involved in a

---

1. The *Henderson* holding was expressly rejected in *United States v. Miller*, 545 F.2d 1204, 1216 n. 17 (9th Cir. 1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1549, 51 L.Ed.2d 774 (1978).

conflict of interest or who has breached his fiduciary duty. Indeed, such conduct is expressly subject to civil sanctions. *See* 29 U.S.C. § 501(a)–(b). Therefore, the argument continues, it is in the interest of a consistent federal labor policy to regard these sections as the sole means by which such conduct should be regulated. This would then further the goal of union self–government, minimizing governmental interference in internal union affairs.

Defendant asserts that 29 U.S.C. § 501(a)–(b) contains the exclusive source of sanctions for breach of fiduciary duty by a labor union official. The Government correctly points out, however, that defendant is being prosecuted for more than a simple breach of fiduciary duty. Although the element of a breach of fiduciary duty is included within defendant's alleged crime, the Government has also alleged that defendant possessed the specific intent to use his position as President of District Council 33 to make secret profits. *See* Indictment, Count One, ¶¶ 22, 23, 32 & 43. Such a breach of trust combined with the specific intent to defraud is "fraud" within the meaning of the mail fraud statute—an essential element of this federal crime. *United States v. Dorfman*, 335 F.Supp. 675 (S.D.N.Y.1971), *aff'd*, 470 F.2d 246 (2d Cir. 1972), *cert. dismissed*, 411 U.S. 923, 93 S.Ct. 1561, 36 L.Ed.2d 317 (1973). *See also United States v. Marolda*, 615 F.2d 867, 868 (9th Cir. 1980); *United States v. Dixon*, 536 F.2d 1388 (2d Cir. 1976) (use of private fiduciary position to obtain direct pecuniary gain). Furthermore, an additional element—use of the post office in connection with the scheme—is necessary before the mail fraud statute applies. It is therefore apparent that defendant's central premise is flawed; the material elements of the crime of mail fraud differ from those material to breach of fiduciary duty.

█ The relevant question, then, is not whether the Landrum–Griffin Act preempts the criminal prosecution of defendant's breach of his fiduciary duty. It is, rather, whether the Landrum–Griffin Act preempts the criminal prosecution of defendant's *use of the mails in connection with a scheme to defraud* his labor union. I hold that the Landrum–Griffin Act does not preclude such a prosecution, for I find nothing in the language or the legislative history of the Landrum–Griffin Act reflecting any congressional intent to preempt application of the mail fraud statute. *Cf. United States v. Weatherspoon, supra* (identical approach used to uncover congressional intent). Although 29 U.S.C. § 501(c) specifically lists a number of federal crimes which involve breaches of fiduciary responsibility, there is nothing in this subsection which suggests that this *additional* federal criminal statute replaces or supersedes preexisting federal statutes. Defendant argues, however, that the legislative history sheds additional light on congressional intent. In particular he quotes from the Senate Report to the Landrum–Griffin Act: "there are no general laws imposing criminal penalties upon those who enter into conflicts of interest in breach of fiduciary duties. Before adopting extreme measures it is wise to see whether milder sanctions are sufficient." [1959] U.S.Code Cong. & Ad.News, pp. 2318, 2332. As I have noted, defendant has misconceived the nature of the Government's charges. I am not called upon here to judge the result of a prosecution for mere breach of a fiduciary duty. Nor need I decide here whether in light of the legislative history, the "mild sanction" of 29 U.S.C. § 501(b) exclusively regulates such behavior. In any event, this legislative history cannot be relied upon to preempt application of the mail fraud statute in this case. Such an "extreme measure" was adopted by Congress to regulate fraudulent behavior far more serious than a breach of fiduciary duty.

The conduct which the Government alleges to be a violation of the mail fraud statute is therefore quite different conduct from that which is regulated by the Landrum–Griffin Act. In order to avoid an unjustifiable interference with the government's ability to preserve the integrity of the post office department, *see United States v. Mandel*, 591 F.2d at 1358, defend-

ant Stout's motion to dismiss Counts 2 through 49 of the indictment is denied.[2]

---

**2.** The Government, in its answer to defendant Stout's motion, argued in the alternative that the motion should be denied because defendant Stout and District Council 33 have consistently taken the position that neither is subject to the Landrum–Griffin Act. *See Marshall v. District Council No. 33*, C.A. 80–0432 (E.D.Pa.1980). Therefore, defendant's preemption argument would be irrelevant. In light of the above holding, I need not decide this question.