**UNITED STATES of America,**

**v.**

**Dominic W. DILEO, Defendant.**

**Crim. No. 94–16.**

United States District Court,
W.D. Pennsylvania.

July 20, 1994.

Nelson P. Cohen, Asst. U.S. Atty., Pittsburgh, PA, for U.S.

W. Penn Hackney, Asst. Federal Public Defender, Pittsburgh, PA, for defendant.

### *OPINION*

D. BROOKS SMITH, District Judge.

#### I.

Defendant Dominic W. DiLeo is charged with five counts of mail fraud and thirteen counts of distribution of a controlled substance. As to the former, the government alleges that defendant conspired with others to refer patients to Penn Medical Services, Inc. (Penn Medical), a Uniontown firm that rents, leases and sells durable medical equipment. DiLeo would allegedly provide Penn Medical with certificates of medical necessity and falsified medical records, enabling the firm to be paid by the Black Lung Program, a Medicare/Medicaid program established to facilitate the rental or lease of durable medical equipment such as oxygen and respiratory machines. In exchange for the referrals, defendant allegedly solicited and received from Penn Medical cash kickbacks and in kind remuneration, which he used in connection with clandestine, adulterous relationships he was having with unnamed women. With regard to the drug counts, the government alleges that DiLeo unlawfully distributed oxycodone, a Schedule II narcotic drug controlled substance, in the form of Percocet tablets, to various members of Uniontown's England family.

This matter is currently before the Court on defendant's Motion to Adopt Pretrial Motions (Docket No. 34), Motion for Severance (Docket No. 17) and Motion to Continue Trial (Docket No. 44).

#### II.

##### A. *Motion to Adopt Pretrial Motions*

Defendant's uncontested motion to adopt pretrial motions prepared and filed by his prior counsel shall be granted.

##### B. *Motion for Severance*

Defendant contends that the government's indictment misjoins the drug and mail fraud counts, in violation of Fed.R.Crim.P. 8(a). DiLeo argues that no member of the England family had any connection with Penn Medical, and that the prescriptions referred to in counts six through eighteen were not "based on the same act or transaction" as the mail fraud counts, "do not constitute parts of a common scheme or plan" as the alleged scheme involving Penn Medical, and that the two sets of counts do not share the same or similar character. Motion for Severance at ¶ 5.

The government argues in opposition to defendant's motion that the drug and mail fraud charges are sufficiently related as to be part of the same plan. Furthermore, the government contends, the counts share an overlap of evidence, that is, "a commonality of motive underlying the criminal conduct of the defendant, and a central theme of misuse and abuse of the powers and responsibilities attendant to medical doctors." Opposition to Defendant's Motion for Severance at 3. That common motive, according to the United States, was a desire "to assist and promote his extra marital relationships and to hide these affairs from his wife, and to further hide his other and simultaneous affairs from each of his many 'girlfriends' and mistresses so that none would know that he was having an affair with anyone else." *Id.*

Severance under Fed.R.Crim.P. 14 because joinder is unfairly prejudicial is a matter committed to the discretion of the trial court. *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir.), *cert. denied sub nom. Idone v. United States,* — U.S. —, 112 S.Ct. 340, 116 L.Ed.2d 280 (1991). Where offenses have been improperly joined in the

indictment,[1] severance is required "as a matter of course without regard to the merits of defendant's claims of prejudice under Rule 14." *United States v. Winchester*, 407 F.Supp. 261, 264–65 (D.Del.1975). However, the trial court's refusal to sever misjoined offenses is subject to harmless error review, and will be reversed only if the defendant can prove actual prejudice. *See United States v. McGill*, 964 F.2d 222, 241 (3d Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 664, 121 L.Ed.2d 588 (1992) (citing *United States v. Lane*, 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986)).

Federal Rule of Criminal Procedure 8(a) provides:

> **Joinder of Offenses.** Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

This rule permits joinder of multiple offenses against a single defendant if the offenses charged: (1) are based on the same act or transaction; (2) constitute part of a common scheme or plan; or (3) are of the same or similar character. 1 Charles A. Wright, Federal Practice and Procedure § 143 (1982). The drug and mail fraud charges against DiLeo are clearly not of the same or similar character.

■ The dispositive issue is whether the two sets of charges are sufficiently related so as to be either transactionally related or part of a common scheme or plan. The United States Court of Appeals for the Third Circuit has indicated that joining offenses is appropriate where there is a "transactional nexus" between the offenses, and that the relevant inquiry is usually whether "the offenses ... to be joined arise out of a common series of acts or transactions," although "[t]his need not always be the case." *U.S. v. Eufrasio*, 935 F.2d at 570 n. 20.

Unlike, say, mail fraud and tax evasion or various other offenses involving the making of false representations, *see U.S. v. Stout*, 499 F.Supp. 602 (E.D.Pa.1980), or drug and firearms offenses, *United States v. Gorecki*, 813 F.2d 40 (3d Cir.1987), the transactional relationship between mail fraud and distribution of controlled substances is not immediately apparent. The government has not demonstrated any factual or logical connection between defendant's alleged mail fraud and distribution of oxycodone that establishes how these were parts of the same criminal act. For example, although "evidentiary overlap strongly counsels in favor of joinder," *U.S. v. Nguyen*, 793 F.Supp. 497, 503 n. 10 (D.N.J.1992) (citations omitted), the government has not asserted that any of the evidence it intends to introduce for the purpose of showing that DiLeo wrote medically unnecessary pharmaceutical prescriptions in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) could also be used directly to prove the allegation that he used the mails as part of a scheme to obtain money and property by means of false and fraudulent pretenses in violation of 18 U.S.C. § 1341.

The only basis for joining counts one through five and six through eighteen, then, is a showing that the behavior alleged in the indictment constitutes part of a common scheme or plan. As noted above, the government contends that a common scheme or plan can be derived from "a commonality of motive underlying the criminal conduct of the defendant, and a central theme of misuse and abuse of the powers and responsibilities attendant to medical doctors." Opposition to Defendant's Motion for Severance at 3.

■ Defining "common scheme or plan" solely in terms of motive would reduce the defendant's conduct to such a level of generality as to preclude any distinctions between the charged offenses. If completely unrelated criminal acts could be joined simply because the defendant was inspired by the desire for money, the duty of courts to inquire whether the offense conduct constituted a

---

1. Rule 8(a) does not prohibit trial courts from considering pretrial documents other than the indictment for the purpose of determining whether joinder is proper. *U.S. v. McGill*, 964 F.2d 222, 242 (3d Cir.1992).

"common scheme or plan" would, in most cases, be rendered meaningless. *See United States v. Sykes,* 7 F.3d 1331, 1337 (7th Cir. 1993) (government's motivation-centered theory of "relevant conduct" under United States Sentencing Guidelines section 1B1.3 "sweeps too broadly, for it would encompass activity of the 'same kind' even if that activity may not be part of a common scheme or plan").[2]

That is not to say, however, that motive cannot be considered as a factor relevant to the issue of commonality. *See United States v. Rabbitt,* 583 F.2d 1014 (8th Cir.1978), *cert. denied,* 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979) (joinder of extortion and mail fraud counts under Fed.R.Crim.P. 8(a) appropriate where charges all originated from defendant's scheme to obtain money through his power, authority, and influence as a legislator); *United States v. Barrett,* 505 F.2d 1091 (7th Cir.1975), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450, *and reh'g denied,* 422 U.S. 1049, 95 S.Ct. 2667, 45 L.Ed.2d 702 (1975) (mail fraud, bribery and tax evasion charges held properly joined under Fed.R.Crim.P. 8(a) where all offenses were connected by defendant's use of his public office for private gain). As *Rabbitt* and *Barrett* also instruct, a defendant's abuse of his position is another relevant factor in determining whether different offenses are properly joined. *See also United States v. Hutchings,* 751 F.2d 230, 235 (8th Cir.1984), *cert. denied,* 474 U.S. 829, 106 S.Ct. 92, 88 L.Ed.2d 75 (1985) (offenses properly joined under Rule 8(a) where "all of the charges basically stem[med] from [defendant's] use of his position as president of [an insurance agency] to obtain money for himself and his

corporation through fraudulent misrepresentations"); *United States v. Werner,* 620 F.2d 922, 927 (2d Cir.1980) ("the element of 'common scheme' as that phrase is used in Rule 8(a) is not necessary to support joinder where the crimes are similar due to the defendant's use of his particular position") (citing *United States v. Henderson,* 406 F.Supp. 417, 429 (D.Del.1975)).

■ The government will attempt to prove its mail fraud case in part with evidence showing that defendant used his position as a medical doctor to order medical testing and prescriptions for medical equipment that were either medically unnecessary or outright fabrications. The government has also put defendant and the court on notice that it intends to offer the same evidence, including the same witnesses, from its mail fraud case as Rule 404(b) evidence in its drug case. That evidence is similar to the evidence necessary to proving the drug charges, and is likely to be admissible under Rule 404(b) for the purpose of showing, in connection with the alleged illegal prescriptions, defendant's intent, knowledge, and/or absence of mistake or accident. *See United States v. Stump,* 735 F.2d 273, 274–75 (7th Cir.), *cert. denied,* 469 U.S. 864, 105 S.Ct. 203, 83 L.Ed.2d 134 (1984) (evidence of uncharged illegal prescriptions admissible under F.R.E. 404(b) to show defendant physician's intent, opportunity, plan, preparation and lack of mistake with regard to alleged violations of Controlled Substances Act). Therefore, defendant cannot complain of prejudice in defending against both sets of counts properly joined together in a single trial under Rule 8(a). *United States v. Kaplan,* 895 F.2d 618, 621 (9th Cir.1990) (mail fraud and illegal distribu-

---

**2.** Under United States Sentencing Guidelines § 1B1.3, courts must confront many of the same questions as those presented by Rule 8(a) joinder. Of course, the Guidelines and the Federal Rules of Criminal Procedure serve different ends, precluding wholesale interchangeability of the law and concepts developed under each of these distinct areas of criminal law, *see United States v. White,* 888 F.2d 490, 500 (7th Cir.1989); however, where they overlap, it may be helpful to consult the Guidelines and Rules when considering an issue common to each. *Cf.* William W. Wilkins, Jr. & John R. Steer, *Relevant Conduct: The Cornerstone of the Federal Sentencing Guidelines,* 41 S.C.L.Rev. 495, 515 (1990) (noting close

relationship between U.S.S.G. § 1B1.3(a)(2) and Fed.R.Crim.P. 8(a)). Application Note 9(A) to U.S.S.G. § 1B1.3 defines "common scheme or plan" as two or more offenses "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi.*" Instantly, defendant's drug and mail fraud offenses would appear to fall within that definition as there is arguably commonality of purpose (not just to obtain money, but to do so in order to support his alleged extramarital affairs) and *modus operandi* (abuse of physician's signature on false medical records, certificates of medical necessity, and drug prescriptions).

tion of controlled substance counts against medical doctor properly joined under Rule 8(a)). *See also United States v. Thomas,* 610 F.2d 1166, 1169 (3d Cir.1979); *United States v. Jordan,* 602 F.2d 171, 173 (8th Cir.1979), *cert. denied,* 444 U.S. 878, 100 S.Ct. 165, 62 L.Ed.2d 107 (1979); *United States v. Burkley,* 591 F.2d 903, 919–21 (D.C.Cir.1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1516, 59 L.Ed.2d 782 (1979); *United States v. Weber,* 437 F.2d 327, 332–33 (3d Cir.1970), *cert. denied,* 402 U.S. 932, 91 S.Ct. 1524, 28 L.Ed.2d 867 (1971).

Joinder of offenses is "consistent with the purpose of Fed.R.Crim.P. 8 to promote economy of judicial and prosecutorial resources." *U.S. v. Gorecki,* 813 F.2d at 42. The need to conduct matters efficiently is a constant concern, currently exacerbated by two vacancies on this court, and, for this judge, the press of two criminal dockets in different bailiwicks. Of course, the Federal Rules of Criminal Procedure are to be construed with the paramount concern being the "just determination of every criminal proceeding," while "elimination of unjustifiable expense and delay" are of secondary importance. Fed.R.Crim.P. 2. But defendant's motion for severance and supporting brief contain no mention of prejudice, presumably because the motion rests on a theory of technical misjoinder under Rule 8(a), rather than prejudicial misjoinder under Rule 14.[3] Yet even improperly joined offenses do not automatically result in prejudice, *U.S. v. Gorecki,* 813 at 42, and without at least a suggestion of prejudice, efficiency concerns may be accorded greater weight. *See e.g., United States v. Treadwell,* 566 F.Supp. 80, 86 (D.D.C.1983) ("Joinder is the rule rather than the exception and the burden is upon a moving defendant to show facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial"); *United States v. Taylor,* 334 F.Supp. 1050 (E.D.Pa.1971), *aff'd,* 469 F.2d 284 (3d Cir.1972) ("The possibility of prejudice to the defendant resulting from the joinder of offenses must be weighed against the prejudice to the overall administration of justice from separate trials") (cita-

tion omitted). This is especially true as the analysis shifts from Rule 8 to Rule 14, which defense counsel invoked as a "fallback position" at a pretrial conference in this matter.

Among the kinds of prejudice that may obtain from joinder of offenses are "1) the jury may cumulate evidence of the separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; 3) the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges." *Blunt v. United States,* 404 F.2d 1283, 1288 (D.C.Cir.1968), *cert. denied,* 394 U.S. 909, 89 S.Ct. 1021, 22 L.Ed.2d 221 (1969). Where "evidence of each of the joined offenses would be admissible in a separate trial for the other," the first two types of unfair prejudice are "largely absent." *Id. See also United States v. Jamar,* 561 F.2d 1103, 1106–07 (4th Cir.1977). As I have indicated, evidence pertaining to each set of counts is likely to be admissible as to the other set under Fed.R.Evid. 404(b). That notwithstanding, defendant is represented by experienced counsel, and the risk of confusion is virtually non-existent. Further, the danger that the jury might confuse or conflate the two sets of offenses can be prevented with adequate cautionary instructions. *See Zafiro v. United States,* —— U.S. ——, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

Consistent with the foregoing discussion, I conclude that the government has demonstrated, as to both the mail fraud and drug counts, sufficient commonality between defendant's alleged abuse of his position and powers as a physician, and his motive for doing so. Defendant's Motion for Severance will be denied.

## C. *Motion to Continue Trial*

Counsel for the defendant contends that the type and extent of discovery and investigation necessary for the preparation of an adequate defense simply require more time than the 27 days remaining before the scheduled August 8, 1994 trial date. The govern-

---

**3.** "Rule 14 dealing with relief from prejudicial joinder only comes into play after it has first been determined that joinder was permissible under Rule 8 or Rule 13." *United States v. Graci,* 504 F.2d 411, 413 (3d Cir.1974).

ment does not formally oppose defendant's motion to continue, which, as I indicated at the July 7, 1994 pretrial conference, I believe is meritorious. Accordingly, this matter will not proceed to trial on August 8, 1994. The case will be listed for trial beginning October 12, 1994.

An appropriate order follows.

### ORDER

AND NOW, this 20th day of July, 1994, consistent with the foregoing Opinion, defendant's Motion to Adopt Pretrial Motions (Docket No. 34) and Motion to Continue Trial (Docket No. 44) are hereby GRANTED. Defendant's Motion for Severance (Docket No. 17) is hereby DENIED.

Because this Court finds that the ends of justice served by allowing an extension of time in order to afford the defendant a reasonable time to prepare for trial outweigh the best interest of the public and the defendant in obtaining a speedy trial, it is further

ORDERED that the continuance granted is excludable under 18 U.S.C. § 3161(h)(8)(A) from the date of this opinion until the date of trial. This case shall proceed to trial beginning Wednesday, October 12, 1994.